### SIMON v. COMMISSIONER OF INTERNAL REVENUE.

No. 196, Docket 20962.

United States Court of Appeals
Second Circuit.

Argued June 8, 1949.

Decided June 27, 1949.

Theron Lamar Caudle, Ellis N. Slack and Fred E. Youngman, Washington, D. C., for respondent.

David L. Landy, Buffalo, New York, for petitioner.

Before L. HAND, Chief Judge, and CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. Jurisdiction:

■ As we understand it, taxpayer and the government agree as follows: (a) If the Tax Court, on April 28, 1947, when the taxpayer filed his motion for reconsideration, still had statutory power to act with respect to the proceedings, then, under 26 U.S.C.A. § 1142, the time, three months, for filing a petition for review in this court of the Tax Court's decision began to run from the time of the Tax Court's denial of the motion on April 29, 1947, and the petition for review, filed July 24, 1947, was timely. (b) The statutory power of the Tax Court to act expired three months after January 27, 1947, because of the provisions of Section 1140, as amended by Section 504 of the Revenue Act of 1942, and Section 1142, as amended. The government, however, contends that, under Section 1142, the three-months' period ended on April 27, 1947, and that therefore the petition for review was not timely filed, so that this Court must dismiss the petition without considering the merits. The taxpayer answers that, as April 27, 1947, was a Sun-

day, the three months did not expire until April 28. We agree with the taxpayer.

Rule 6(a) of the Rules of Civil Procedure, 28 U.S.C.A., provides that when the last day for performance of an act falls on a Sunday, performance on the next day is timely. In Union National Bank of Wichita, Kan., v. Lamb, 69 S.Ct. 911, 913, the Supreme Court held that, since that Rule "had the concurrence of Congress, and since no contrary policy is expressed" in the statute, 28 U.S.C.A. § 2101(c), effective September 1, 1948, governing the review there in question, the "considerations of liberality and leniency" expressed in that Rule were applicable. As the governing statutory provisions here were re-enacted with the adoption of the Internal Revenue Code in 1939—obviously after 1938 when Rule 6(a) went into effect—we think that Rule, on similar reasoning, applies here.[1]

■ It may be, although it is not clear, that the government, relying on the decision of the First Circuit in Denholm & McKay v. Commissioner, 132 F.2d 243, is contending that, even if the motion for reconsideration was filed in time, still the petition to this court was not timely because the Tax Court did not act on the motion for reconsideration until April 29, 1947, which was after the three months had elapsed. We do not agree with the First Circuit. We think that the period was extended by the filing of the motion within the statutory period; otherwise the taxpayer's privilege to seek review in a Circuit Court of Appeals would depend on the state of the Tax Court's docket.

2. The Merits:

■ Taxpayer concedes that, at least in the ordinary case, the Regulations require one who changes his method of reporting income to secure the consent of the Commissioner, before filing returns with income computed by the new method. Reg. 111, Section 29.41–2. His argument is that by virtue of another provision of the Regulations, the accrual method of accounting is the only correct method for him, and that the Commissioner's consent is not required to change from an improper to a proper method of accounting. The provisions to which he refers state that: " * * * in any case in which it is necessary to use an inventory, no method of accounting in regard to purchases and sales will reflect income except an accrual method," Reg. 111, Section 29.41–2, and, "In order to reflect the net income correctly, inventories at the beginning and end of each taxable year are necessary in every case in which the production, purchase or sale of merchandise is an income-producing factor." Reg. 111, Section 29.22(c)-1.

The trouble with this argument is that taxpayer did not keep on hand any stock of merchandise which could be called an "inventory." He did not make purchases until he had firm sales contracts, and the goods purchased were not delivered to him, but directly to the purchaser from the manufacturer. He did not invest any capital in a stock of goods on hand, and did not have any warehouse or store-room for merchandise. Thus there was no need for him to take an "inventory"; it would have been impossible for him to do so. With that conclusion, his whole argument falls, for in such circumstances the Regulations require an accrual method only where an inventory must be used.

While the taxpayer purchased and sold the merchandise in the sense that he, rather than the manufacturer, assumed the risk of the purchasers' non-payment, and that he, rather than the manufacturer, was bound to see that the merchandise was delivered to the purchasers, his business did not otherwise differ from that of a broker or commission merchant. His margin for profits and operating expenses was the 5% "commission" or "trade discount" allowed him by the manufacturers. We do not

---

[1] This statute was originally enacted as part of the Revenue Act of 1926, 44 Stat. 109, Section 1001(a). The only significant amendment, prior to the adoption of the Code, was made in 1932, when the time for filing a petition for review was reduced from six months to three months. 47 Stat. 286, Section 1101(a). The statute was re-enacted intact in 1939 as Section 1142 of the Code, 53 Stat. 165.

think his business was merchandising in the sense of the Regulations.

The result for which the taxpayer contends becomes particularly incongruous when we consider the particular "accrual" method which he adopted. He determined his taxable income by tracing the cost of each sale and by deducting that cost from the cash received for each sale. This method, practicable for a business making a relatively small number of sales each year, could not possibly be used by many businessmen who make thousands of small sales each year. Yet taxpayer asserts that this method not only may, but must be followed by all who engage in the business of buying and selling merchandise.

What has been said is enough to dispose of the merits. We must add that we do not decide whether the Commissioner's consent to a change in the method of reporting income is unnecessary where the change is from an illegal to a legal method.

Affirmed.