5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Allan S. HALEY; Roberta J. Rowlands, Plaintiffs-Appellants,
v.
UNITED STATES INTERNAL REVENUE SERVICE, Defendant-Appellee.
 No. 92-16391.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 16, 1993.
 
 Appeal from the United States District Court for the Eastern District of California; William B. Shubb, District Judge, Presiding.
 E.D.Cal., 805 F.Supp. 834.
 AFFIRMED.
 Before: SNEED, POOLE, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Allan Haley and Roberta Rowlands ("taxpayers") appeal the district court's grant of summary judgment in favor of the Commissioner of Internal Revenue in their action under 26 U.S.C. Sec. 6213(a) (1988) to enjoin a tax deficiency assessment. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Taxpayers argue a deficiency assessment on December 12, 1990, of $98,550.44 in taxes due for the tax year 1975 was improper, because the Tax Court's order denying their petition for redetermination of the deficiency was not final. "[N]o assessment of a deficiency in respect of any tax ... shall be made ... until the decision of the Tax Court [on a petition for redetermination] has become final." 26 U.S.C. Sec. 6213(a). A decision of the Tax Court becomes final "[u]pon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time." 26 U.S.C. Sec. 7481(a)(1). A notice of appeal must be filed "within 90 days after the decision of the Tax Court is entered." 26 U.S.C. Sec. 7483.
 
 
 4
 The Tax Court entered a decision denying the taxpayers' petition for redetermination on July 19, 1990. The 90-day period for appeal expired on October 17, 1990. The taxpayers filed no notice of appeal on or before October 17, 1990, so the decision of the Tax Court became final on that date under 26 U.S.C. Sec. 7481(a)(1). Therefore, the district court did not err in concluding the December 12, 1990, assessment was proper.
 
 
 5
 Taxpayers argue a September 19, 1990, order of the Tax Court "modified" the July 19, 1990, order and restarted the running of the period for appeal. We agree with the district court that the September 19, 1990, order merely clarified the July 19, 1990, order, did not change in any way the substantive effect of the July 19, 1990, order, and expressly stated "[t]he issuance of this order does not affect the running of the time period set forth in sections 7481 and 7483 of the Internal Revenue Code."
 
 
 6
 Taxpayers also argue that under Simon v. Commissioner, 176 F.2d 230 (2d Cir.1949), the running of the appeal period was suspended by their filing on October 15, 1990, of a motion for leave to file out of time a motion to vacate or revise the Tax Court's decision. We note that a timely filing of a motion to vacate or revise suspends the running of the appeal period. Fed.R.App.P. 13(a). See also Trohimovich v. Commissioner, 776 F.2d 873, 875 (9th Cir.1985) ("[I]f within 30 days of entry of the decision, a party filed a motion to vacate or revise the decision pursuant to Rule 162 of the Rules of Practice and Procedure of the United States Tax Court, the time for filing a notice of appeal is tolled until the Tax Court rules on the motion."). The holding in Simon is not to the contrary. There, the court held the appeal period was suspended where the Tax Court granted leave to file out of time and subsequently denied the motion to vacate or revise. Simon, 176 F.2d at 231-32. In the instant case, however, the Tax Court denied the motion for leave to file out of time, so no motion to vacate or revise was ever filed. We decline both to accept taxpayers' extended reading of Simon, and to hold that the mere filing of a motion for leave to file out of time tolls the appeal period.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3