127 T.C. No. 8


UNITED STATES TAX COURT



WILLIAM A. STEWART, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 22510-05.                    Filed October 3, 2006.



        On Mar. 13, 2006, the Court entered an order of
dismissal for lack of jurisdiction because of P's
failure to file a proper amended petition and pay the
filing fee as previously ordered.  On June 8, 2006, 87
days after the Court's order was entered, P mailed a
document to the Court requesting an order to vacate the
order of dismissal.  On June 13, 2006, 92 days after
the Court's order of dismissal was entered, the Court
received and filed P's document as a motion for leave
to file motion to vacate embodying motion to vacate.
The Court also received P's amended petition and filing
fee on June 13, 2006.

        <u>Held</u>:  Absent the filing of a notice of appeal or
a motion to vacate, the Court's order of dismissal for
lack of jurisdiction would become final after the 90-
day period for appeal.  See secs. 7481(a), 7483,
I.R.C.; Fed. R. App. P. 13(a).  Our jurisdiction to

consider the substantive merits of P's motion for leave depends on whether it is deemed to have been filed within the 90-day appeal period following the Court's order of dismissal.

Held, further:  Whether P's motion for leave was filed within the 90-day appeal period depends on whether the timely-mailing/timely-filing provisions of sec. 7502, I.R.C., apply to P's motion for leave.  In Manchester Group v. Commissioner, T.C. Memo. 1994-604, revd. 113 F.3d 1087 (9th Cir. 1997), we held that the timely-mailing/timely-filing provisions of sec. 7502, I.R.C., did not apply to a motion for leave to file a motion to vacate.  Upon reconsideration, we now hold that sec. 7502, I.R.C., applies to P's motion for leave.  P's motion for leave is deemed filed on June 8, 2006, the date it was mailed, which was before the date on which the order of dismissal would otherwise have become final.

Held, further:  P's motion for leave to file a motion to vacate the Court's order of dismissal will be granted.  As a result, P's motion to vacate the order of dismissal also will be deemed filed on June 8, 2006. P's motion to vacate will be granted.  P's amended petition will be filed, and we continue to have jurisdiction in this case.


William A. Stewart, pro se.

Edward F. Peduzzi, Jr., for respondent.


OPINION


RUWE, Judge:  This case is before the Court on petitioner's motion for leave to file a motion to vacate the Court's order of dismissal for lack of jurisdiction.  At all relevant times, petitioner resided in Fayette City, Pennsylvania.

## Background

The primary issue we must decide is whether this Court has jurisdiction to consider the substantive merits of petitioner's motion for leave to file his motion to vacate the Court's order of dismissal.

On September 6, 2005, respondent sent to petitioner a notice of deficiency for the taxable year ending December 31, 2003. On November 22, 2005, petitioner mailed to the Court a document in which he stated:

> Tax Court,
>
> Please consider this my petitioning the amounts assessed against me in the included letter. I have contacted the Dept. of Reconsideration and my congressman in regards to this matter. I have NAV's and stock purchase prices that I have sent to the IRS twice now. Again please consider this my petitioning you as the letter said I must do before Dec. 5, 2005.

Attached to this document was a copy of the notice of deficiency. Petitioner's document was received by the Court on November 28, 2005. The document failed to comply with the Rules of the Court[1] as to the form and content of a proper petition. Petitioner also failed to submit the required filing fee. Nevertheless, the Court filed petitioner's document as an imperfect petition.

---

[1] Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code.

By order dated December 1, 2005, the Court directed petitioner to file a proper amended petition and to pay the filing fee on or before January 17, 2006. The order stated that if an amended petition and the filing fee were not received on or before January 17, 2006, the case would be dismissed.

On March 13, 2006, the Court entered an order of dismissal for lack of jurisdiction (order of dismissal) because petitioner failed to respond to the December 1, 2005, order. Ninety-two days later, on June 13, 2006, the Court received a document from petitioner which stated:

> United States Tax Court,
>
> I am requesting an order <u>vacating the order of dismissal dated March 13, 2006</u> of case assigned Docket Number 22510-05, and ask that it be **REINSTATED**. The case was ordered closed through correspondence dated March 13, 2006 (also enclosed). I have enclosed a petition form and form designating place of trial.

The Court filed petitioner's document as a motion for leave to file motion to vacate embodying motion to vacate order of dismissal for lack of jurisdiction (motion for leave).[2] The envelope that contained petitioner's motion for leave was postmarked June 8, 2006, 87 days after the Court entered its

---

[2] Except in limited circumstances that do not apply here, Rule 54 generally requires motions to be separately stated and not joined together. We allowed the document to be filed here in the interest of judicial administration but do not purport to sanction the filing of joint motions in future cases.

order of dismissal.  The envelope also contained petitioner's amended petition and a check for the filing fee.

Discussion

I.  Motion To Vacate

An order of dismissal for lack of jurisdiction is treated as the Court's decision.  Hazim v. Commissioner, 82 T.C. 471, 476 (1984).  Section 7459(c) provides, in relevant part:

> SEC. 7459(c).  Date of Decision.-- * * *.  * * *
> if the Tax Court dismisses a proceeding for lack of
> jurisdiction, an order to that effect shall be entered
> in the records of the Tax Court, and the decision of
> the Tax Court shall be held to be rendered upon the
> date of such entry.

The word "decision" refers to decisions determining a deficiency and orders of dismissal for lack of jurisdiction.  Ryan v. Commissioner, 517 F.2d 13, 16 (7th Cir. 1975); Commissioner v. S. Frieder & Sons Co., 228 F.2d 478, 480 (3d Cir. 1955).

Rule 162 provides that "Any motion to vacate or revise a decision, with or without a new or further trial, shall be filed within 30 days after the decision has been entered, unless the Court shall otherwise permit."  (Emphasis added.)  Petitioner did not file a motion to vacate or revise within 30 days after the Court's order of dismissal was entered.  Therefore, in order for his motion to vacate to be considered timely filed, Rule 162 required petitioner to file a motion for leave to file a motion to vacate or revise, the granting of which lies within the sound

discretion of the Court.  See Rule 162; <u>Heim v. Commissioner</u>, 872 F.2d 245, 246 (8th Cir. 1989), affg. T.C. Memo. 1987-1; <u>Brookes v. Commissioner</u>, 108 T.C. 1, 7 (1997).

II.  <u>Jurisdiction</u>

This Court can proceed in a case only if it has jurisdiction, and either party, or the Court sua sponte, can question jurisdiction at any time.  <u>Estate of Young v. Commissioner</u>, 81 T.C. 879, 880-881 (1983).  We have jurisdiction to determine whether we have jurisdiction.  <u>Brannon's of Shawnee, Inc. v. Commissioner</u>, 69 T.C. 999, 1002 (1978).  As we stated in <u>Wheeler's Peachtree Pharmacy, Inc. v. Commissioner</u>, 35 T.C. 177, 179 (1960):  "[Q]uestions of jurisdiction are fundamental and whenever it appears that this Court may not have jurisdiction to entertain the proceeding that question must be decided."

In order for us to consider the substantive merits of petitioner's motion for leave, we must still have jurisdiction. Except for very limited exceptions, none of which applies here,[3]

---

[3] After a decision becomes final, the Court may grant a motion for leave to consider:  (1) Whether the Court had jurisdiction to enter the decision in the first instance, <u>Billingsley v. Commissioner</u>, 868 F.2d 1081, 1084-1085 (9th Cir. 1989), or (2) whether the decision entered was the result of fraud on the Court, <u>Abatti v. Commissioner</u>, 859 F.2d 115, 118 (9th Cir. 1988), affg. 86 T.C. 1319 (1986).  Where the Court is without jurisdiction in the first instance or there was fraud on the Court, the decision could be viewed as a legal nullity.  See <u>Billingsley v. Commissioner</u>, <u>supra</u> at 1084-1085.  We have also vacated a final decision where a clerical error was discovered.
(continued...)

this Court lacks jurisdiction once a decision becomes final within the meaning of section 7481.  <u>Abatti v. Commissioner</u>, 859 F.2d 115, 117-118 (9th Cir. 1988), affg. 86 T.C. 1319 (1986); <u>Lasky v. Commissioner</u>, 235 F.2d 97, 98 (9th Cir. 1956), affd. 352 U.S. 1027 (1957).  As relevant here, a decision of the Tax Court becomes final "Upon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time".  Sec. 7481(a)(1).  Section 7483 provides that a notice of appeal may be filed within 90 days after a decision is entered.  As previously explained, an order of dismissal for lack of jurisdiction is treated as the Court's decision.

Pursuant to rule 13(a) of the Federal Rules of Appellate Procedure, if under the Tax Court's Rules a party makes a timely motion to vacate or revise a decision, "the time to file a notice of appeal runs from the entry of the order disposing of the motion or from the entry of a new decision, whichever is later."[4]

---

[3](...continued)
<u>Michaels v. Commissioner</u>, 144 F.3d 495 (7th Cir. 1998), affg. T.C. Memo. 1995-294.  The Court of Appeals for the Fifth Circuit has indicated that we also have jurisdiction to vacate a decision that was the result of mutual mistake.  <u>La Floridienne J. Buttgenbach & Co. v. Commissioner</u>, 63 F.2d 630, 631 (5th Cir. 1933).

[4] Fed. R. App. P. 13(a) provides:

Rule 13. Review of a Decision of the Tax Court.

(a) How Obtained; Time for Filing Notice of Appeal.
                                        (continued...)

The Court entered the order of dismissal on March 13, 2006, and petitioner did not file a notice of appeal within the time prescribed by section 7483.  Unless petitioner is deemed to have filed a timely motion for leave and a timely motion to vacate that terminated the running of time for appeal pursuant to rule 13(a) of the Federal Rules of Appellate Procedure, the Court's order of dismissal became final on June 12, 2006, 91 days after the Court entered it.[5]

The Court received and filed petitioner's motion for leave on June 13, 2006, 92 days after the Court entered its order of dismissal.  The envelope that contained petitioner's motion for

---

[4](...continued)
(1) Review of a decision of the United States Tax Court is commenced by filing a notice of appeal with the Tax Court clerk within 90 days after the entry of the Tax Court's decision.  At the time of filing, the appellant must furnish the clerk with enough copies of the notice to enable the clerk to comply with Rule 3(d).  If one party files a timely notice of appeal, any other party may file a notice of appeal within 120 days after the Tax Court's decision is entered.  (2) If, under Tax Court rules, a party makes a timely motion to vacate or revise the Tax Court's decision, the time to file a notice of appeal runs from the entry of the order disposing of the motion or from the entry of a new decision, whichever is later.

[5] June 11, 2006, the 90th day after the Court entered the order of dismissal, fell on a Sunday.  Pursuant to sec. 7503 petitioner had until June 12, 2006, the following Monday, to file a notice of appeal.  See also Fed. R. App. P. 26(a)(3).  While we recognize this extension of time to file a notice of appeal, we continue to refer to the period after we entered the order of dismissal as the 90-day period.

leave was postmarked on June 8, 2006, 87 days after the Court entered its order of dismissal.  Accordingly, we would have jurisdiction to consider the merits of petitioner's motion for leave only if it were deemed to have been filed on the date it was mailed, which was within the 90-day appeal period.  If we grant petitioner's motion for leave, then petitioner's motion to vacate would also have to be deemed timely filed within that 90-day period in order to terminate the running of time for appeal pursuant to rule 13(a) of the Federal Rules of Appellate Procedure.

III.  Section 7502

Section 7502(a), the so-called timely-mailing/timely-filing rule, provides, in relevant part:

SEC. 7502(a).  General Rule.--

(1) Date of delivery.--If any return, claim, statement, or other document required to be filed * * * within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, * * * the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document * * * is mailed shall be deemed to be the date of delivery * * *

(2) Mailing requirements.--This subsection shall apply only if--

(A) the postmark date falls within the prescribed period or on or before the prescribed date--

> (i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document,
> * * *
>
> (ii) * * * and
>
> (B) the return, claim, statement, or other document * * * was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed * * *

To determine whether section 7502 applies to petitioner's motion for leave, we must ascertain whether the time between when the Court enters a decision and when that decision becomes final creates a "prescribed period" for filing a motion for leave within the meaning of section 7502.

IV.  Manchester Group

This Court has only once before examined the issue of whether section 7502 applies to a motion for leave to file a motion to vacate that was mailed and postmarked before, but received by the Court after, the date on which the decision would have otherwise become final.  See Manchester Group v. Commissioner, T.C. Memo. 1994-604, revd. 113 F.3d 1087 (9th Cir. 1997).  In Manchester Group, we held that the period within which a party may file a motion for leave is not a "prescribed period" and that "because section 7502 applies only to those documents required to be filed in the Tax Court within a prescribed period

or on or before a prescribed date, section 7502 does not apply to motions for leave." Id. The Court of Appeals for the Ninth Circuit reversed, holding that "The combined effect of § 7481(a) and § 7483 of the Internal Revenue Code and of Federal Rule of Appellate Procedure 13(a) is to create a ninety-day period to file a notice of appeal or a motion for leave. This ninety-day period is a 'prescribed period' within the meaning of § 7502(a)(1)." Manchester Group v. Commissioner, 113 F.3d at 1089.[6]

The instant case provides an occasion to reconsider our Memorandum Opinion in Manchester Group. In Lawrence v. Commissioner, 27 T.C. 713, 716 (1957), revd. 258 F.2d 562 (9th Cir. 1958), we stated:

> One of the difficult problems which confronted the Tax Court, soon after it was created in 1926 as the Board of Tax Appeals, was what to do when an issue came before it again after a Court of Appeals had reversed its prior decision on that point. Clearly, it must thoroughly reconsider the problem in the light of the reasoning of the reversing appellate court and, if

---

[6] The Court of Appeals for the Ninth Circuit further reasoned that the mere existence of limited exceptions in which the Tax Court can grant a motion for leave after the decision becomes final, e.g., lack of jurisdiction to have entered the decision in the first place or fraud on the court, does not mean there is not a prescribed period. Manchester Group v. Commissioner, 113 F.3d 1087, 1089 n.2 (9th Cir. 1997), revg. T.C. Memo. 1994-604.

convinced thereby, the obvious procedure is to follow the higher court.[7]  * * *

V.  <u>Application of Section 7502 to a Motion for Leave</u>

To mitigate what they recognize as harsh inequities resulting from a literal adherence to filing requirements, courts have, where circumstances permit, generally and wisely managed to avoid denying a taxpayer his day in court.  <u>Wells Marine, Inc. v. Renegotiation Bd.</u>, 54 T.C. 1189, 1192 (1970).  The purpose of section 7502 is to correct hardships caused by the failure of the mails to function normally.  <u>Manchester Group v. Commissioner</u>, 113 F.3d at 1089; see also <u>Bloch v. Commissioner</u>, 254 F.2d 277, 278-279 (9th Cir. 1958).  We have historically interpreted section 7502 so as to adhere to the intentions of Congress.  In <u>Wells Marine, Inc. v. Renegotiation Bd.</u>, <u>supra</u> at 1193, we stated:

> We think it is a permissible interpretation of section 7502 that there is included within the meaning of the phrase 'any * * * document required to be filed * * * within a prescribed period * * * under any authority or provision of the internal revenue laws,' as used in section 7502, <u>any</u> such document which is required to be filed in the Tax Court.  * * *

---

[7] Where upon reconsideration of an issue we have adhered to our position but reversal would appear inevitable because of a contrary position, squarely on point, of the Court of Appeals to which an appeal would lie, we have followed the position of that Court of Appeals.  <u>Golsen v. Commissioner</u>, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971).  The instant case is likely appealable to the Court of Appeals for the Third Circuit, which has not addressed the issue presented in <u>Manchester Group</u>.

The Court of Appeals for the Ninth Circuit in Manchester Group v. Commissioner, 113 F.3d at 1089, concluded that the combined effect of sections 7481(a) and 7483, together with rule 13(a) of the Federal Rules of Appellate Procedure, was to create a 90-day prescribed period to file a notice of appeal or a motion for leave. Upon reflection, we agree. A decision of the Tax Court becomes final "Upon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time". Sec. 7481(a)(1). Section 7483 provides that a notice of appeal may be filed within 90 days after a decision is entered. Pursuant to rule 13(a) of the Federal Rules of Appellate Procedure, which governs review of Tax Court decisions, if a timely motion to vacate is made, the time for appeal "runs from the entry of the order disposing of the motion or from the entry of a new decision, whichever is later." Together these provisions can reasonably be read to create a 90-day period prescribed under the authority of the internal revenue laws in which a taxpayer could file a motion for leave to file a motion to vacate a decision. We conclude that the reasoning of the Court of Appeals for the Ninth Circuit in Manchester Group with regard to the application of section 7502 to motions for leave is persuasive and should be followed. Accordingly, we will no longer follow our prior Memorandum Opinion in Manchester Group v. Commissioner, T.C. Memo. 1994-604.

We hold that petitioner's motion for leave to file his motion to vacate the Court's order of dismissal will, pursuant to section 7502, be deemed filed on June 8, 2006, the date it was mailed.  Therefore, petitioner's motion for leave was filed before the expiration of the 90-day appeal period.

VI.  <u>Effect of the Motion for Leave To File Motion To Vacate</u>

Whether the Court retains jurisdiction over petitioner's case depends on whether the Court grants leave to file petitioner's motion to vacate.  If the motion for leave to file a motion to vacate is filed before the decision becomes final and the Court grants the motion for leave, then the time for appeal is extended.  <u>Manchester Group v. Commissioner</u>, 113 F.3d at 1088; <u>Nordvik v. Commissioner</u>, 67 F.3d 1489, 1492 (9th Cir. 1995), affg. T.C. Memo. 1992-731.  Petitioner's motion to vacate was treated as embodied in the motion for leave.  In <u>Simon v. Commissioner</u>, 176 F.2d 230, 232 (2d Cir. 1949), affg. a Memorandum Opinion of this Court, the Court of Appeals for the Second Circuit held that when a party files a motion for leave to file a motion for reconsideration together with the motion for reconsideration before the end of the 90-day period, and the motion for leave is granted, the motions extend the time for appeal and the date of finality.[8]  In <u>Nordvik v. Commissioner</u>,

_____

[8] <u>Simon v. Commissioner</u>, 176 F.2d 230 (2d Cir. 1949), affg.
(continued...)

*supra* at 1492, the Court of Appeals for the Ninth Circuit stated it was irrelevant that the taxpayers filed the motion for leave to file a motion to vacate without the substantive motion to vacate. The Court of Appeals held that so long as the motion for leave is filed within the 90-day period and the Tax Court grants the motion for leave and thereafter makes a decision on the merits of the motion to vacate, then the time for appeal is extended.

If the Court does not grant the motion for leave, then the motion to vacate could not be filed and the decision would become final. Id. Unlike the filing of a motion to vacate, the filing of a taxpayer's motion for leave to file a motion to vacate would not affect the time for appeal unless the Court granted the motion for leave and considered the merits of the motion to vacate. Id.; Haley v. Commissioner, 805 F. Supp. 834, 836 (E.D.

---

[8](...continued)
a Memorandum Opinion of this Court, rejects the Court of Appeals for the First Circuit's opinion in Denholm & McKay Co. v. Commissioner, 132 F.2d 243, 248 (1st Cir. 1942), affg. 39 B.T.A. 767 (1939), holding that the Tax Court retains jurisdiction to consider a motion for reconsideration only if the Court acts on the motion before the end of the 90-day period at which the original decision becomes final. The Court of Appeals for the Second Circuit reasoned that the ability to seek review should not depend on the Tax Court's docket. Simon v. Commissioner, supra at 232; Nordvik v. Commissioner, 67 F.3d 1489, 1492 (9th Cir. 1995), affg. T.C. Memo. 1992-731.

Cal. 1992), affd. without published opinion 5 F.3d 536 (9th Cir. 1993).[9]

We hold that when a motion for leave to file a motion to vacate is filed before the Court's decision becomes final, and the motion for leave is granted, the motion to vacate will be deemed to have been timely filed at the same time as the motion for leave. This will terminate the running of the 90-day appeal period and postpone the finality of any decision.

VII. Action on Petitioner's Motion

In the exercise of our discretion, we will grant petitioner's motion for leave to file his motion to vacate. The granting of petitioner's motion for leave and the filing of his motion to vacate terminate the running of time to file a notice of appeal. This, in turn, will prevent the Court's order of dismissal from becoming final and will allow the Court to retain jurisdiction to determine whether to grant petitioner's motion to vacate.

Petitioner's proper amended petition and filing fee were received on June 13, 2006. Considering the particular facts in this case, we believe that there is a reasonable basis to grant

---

[9] In Nordvik v. Commissioner, supra at 1492 n.2, the Court of Appeals for the Ninth Circuit expressly adopted the reasoning of the District Court in Haley v. Commissioner, 805 F. Supp. 834 (E.D. Cal. 1992), affd. without published opinion 5 F.3d 536 (9th Cir. 1993).

petitioner's motion to vacate the Court's order of dismissal. See Estate of Egger v. Commissioner, 92 T.C. 1079, 1084 (1989) (finding the interest of justice to be enough to grant a motion to vacate). We will grant petitioner's motion to vacate the Court's order of dismissal and will allow his amended petition to be filed.

An appropriate order will

be issued.

Reviewed by the Court.

COLVIN, COHEN, SWIFT, WELLS, HALPERN, CHIECHI, LARO, FOLEY, VASQUEZ, GALE, THORNTON, MARVEL, HAINES, GOEKE, WHERRY, KROUPA, and HOLMES, JJ., agree with this opinion.