T.C. Memo. 2006-237

UNITED STATES TAX COURT

JASON GOLDITCH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11944-05L.                    Filed November 2, 2006.

Jason Golditch, pro se.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  This case is before the Court on petitioner's Motion for Leave to File Motion to Vacate Order of Dismissal for Lack of Jurisdiction (hereinafter referred to as petitioner's motion for leave).  We must decide whether to grant petitioner's motion for leave.  At all relevant times, petitioner resided in Watsonville, California.

## Background

On May 23, 2005, respondent mailed to petitioner a Notice of Determination Concerning Collection Actions(s) Under Section 6320 and/or 6330 (notice of determination) regarding his unpaid Federal income tax for 2001.[1]  Respondent's Office of Appeals determined that it was appropriate to collect petitioner's unpaid taxes by levy.  On June 20, 2005, petitioner sent to the Court a document, which states in relevant part:

> Dear Tax Court Judge,
>
> The Collection Due Process Hearing that I requested has been decided.  I need your assistance regarding a Notice of Determination I received from the Internal Revenue Service for the tax year _2001__.  I believe that it has been unfair and biased.  I was not provided information that I requested from the hearing agent.
>
> The letter states that I must file a petition with the U.S. Tax Court if I believe the IRS numbers are wrong. I think the IRS is wrong but I am not sure if I am doing this protest right.  I told the IRS I didn't owe them anything and they still have not shown me any proof to support their claim.  Could you please write to me and let me know the procedure?
>
> I need the help of the Tax Court to clarify this matter.  I am unclear as to what rules of procedure and evidence were to preside over my Collection Due Process Hearing.  Although I asked many times I never received any information on such procedures.  The agent was no help at all.
>
> Now a whole new procedure is beginning and I am more confused.  I am unsure of what to do from here.  Will

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

you please advise what my next steps are and if there is public council available for my assistance? When am I supposed to go to court over this? Would I receive the assistance of a public defender?

Thank you for reading my letter and trying to help me.

This document failed to comply with the Rules of the Court as to the form and content of a proper petition. Nevertheless, on June 27, 2005, the Court filed the document as an imperfect petition regarding respondent's notice of determination. By order dated June 30, 2005, the Court directed petitioner to file a proper amended petition on or before August 15, 2005. The order stated that if an amended petition was not received on or before August 15, 2005, the case would be dismissed. By order dated September 13, 2005, the Court extended the time for petitioner to file an amended petition until October 3, 2005. Petitioner failed to comply with the Court's orders to file an amended petition. On December 21, 2005, the Court entered an Order of Dismissal for Lack of Jurisdiction (order of dismissal).

On April 26, 2006, 126 days after the Court entered its order of dismissal, petitioner mailed to the Court two documents entitled "Motion for Leave to File Motion to Vacate Order of Dismissal for Lack of Jurisdiction" and "Motion to Vacate Order of Dismissal for Lack of Jurisdiction" (motion to vacate).[2]

---

[2] Both documents were signed and dated Apr. 26, 2006, and the envelope in which these documents were sent bears a postmark of Apr. 26, 2006.

Petitioner's motion for leave and motion to vacate state in relevant part:

> MOTION FOR LEAVE TO FILE MOTION TO VACATE ORDER OF
> DISMISSAL FOR LACK OF JURISDICTION
>
> PETITIONER respectfully requests permission from the Court to file this motion to vacate "ORDER OF DISMISSAL FOR LACK OF JURISDICTION" for the tax year/s **2001**, with Docket No. 11944-05L.  PETITIONER also request [sic] leave from the court to accept PETITIONER's amended petition.  PETITIONER desires to dispute the RESPONDENT's determination made with respect to PETITIONER's income taxes for the tax year.
>
> MOTION TO VACATE ORDER OF DISMISSAL FOR LACK OF
> JURISDICTION
>
> PETITIONER respectfully requests that the Court vacate its Order of Dismissal for Lack of Jurisdiction and determine the case laid out by the PETITIONER's Amended Petition, which will be filed concurrently with this motion.  PETITIONER will also file Motion to Remand and Designation of Place of Trial concurrently with this motion.

Petitioner submitted an amended petition concurrently with the motion for leave and the motion to vacate.  On June 1, 2006, the Court filed petitioner's motion for leave and lodged the motion to vacate and the amended petition.

## Discussion

This Court can proceed in a case only if it has jurisdiction, and either party, or the Court sua sponte, can question jurisdiction at any time.  Stewart v. Commissioner, 127 T.C. ___, ___ (2006) (slip op. at 6); Estate of Young v. Commissioner, 81 T.C. 879, 880-881 (1983).

On December 21, 2005, we dismissed petitioner's case for lack of jurisdiction. An order of dismissal for lack of jurisdiction is treated as the Court's decision. Stewart v. Commissioner, supra at ___ (slip op. at 5); Hazim v. Commissioner, 82 T.C. 471, 476 (1984). Section 7459(c) provides, in relevant part:

> SEC. 7459(c). Date of Decision.-- * * *. * * *
> if the Tax Court dismisses a proceeding for lack of
> jurisdiction, an order to that effect shall be entered
> in the records of the Tax Court, and the decision of
> the Tax Court shall be held to be rendered upon the
> date of such entry.

The word "decision" refers to decisions determining a deficiency and orders of dismissal for lack of jurisdiction. Ryan v. Commissioner, 517 F.2d 13, 16 (7th Cir. 1975); Commissioner v. S. Frieder & Sons Co., 228 F.2d 478, 480 (3d Cir. 1955); Stewart v. Commissioner, supra at ___ (slip op. at 5).

In order for us to consider the substantive merits of petitioner's motion for leave, we must still have jurisdiction. Stewart v. Commissioner, supra at ___ (slip op. at 6). Except for very limited exceptions, none of which applies here, this Court lacks jurisdiction once an order of dismissal for lack of jurisdiction becomes final within the meaning of section 7481. Stewart v. Commissioner, supra at ___ (slip op. at 6-7 & n.3). A decision of the Tax Court becomes final "Upon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time". Sec. 7481(a)(1). Section

7483 provides that a notice of appeal may be filed within 90 days after a decision is entered.[3]

Pursuant to rule 13(a) of the Federal Rules of Appellate Procedure, if under the Tax Court's Rules a party makes a timely motion to vacate or revise a decision, "the time to file a notice of appeal runs from the entry of the order disposing of the motion or from the entry of a new decision, whichever is later."[4] Our Rule 162 provides that "Any motion to vacate or revise a decision, with or without a new or further trial, shall be filed within 30 days after the decision has been entered, <u>unless the Court shall otherwise permit</u>."  (Emphasis added.)  Petitioner did not file a motion to vacate or revise within 30 days after the

---

[3] As previously explained, an order of dismissal for lack of jurisdiction is treated as the Court's decision.

[4] Fed. R. App. P. 13(a) provides:

Rule 13. Review of a Decision of the Tax Court.

(a) How Obtained; Time for Filing Notice of Appeal. (1) Review of a decision of the United States Tax Court is commenced by filing a notice of appeal with the Tax Court clerk within 90 days after the entry of the Tax Court's decision.  At the time of filing, the appellant must furnish the clerk with enough copies of the notice to enable the clerk to comply with Rule 3(d).  If one party files a timely notice of appeal, any other party may file a notice of appeal within 120 days after the Tax Court's decision is entered.  (2) If, under Tax Court rules, a party makes a timely motion to vacate or revise the Tax Court's decision, the time to file a notice of appeal runs from the entry of the order disposing of the motion or from the entry of a new decision, whichever is later.

Court's order of dismissal was entered.  Therefore, in order for his motion to vacate to be considered timely filed, Rule 162 required petitioner to file a motion for leave to file a motion to vacate or revise, the granting of which lies within the sound discretion of the Court.  See Rule 162; Heim v. Commissioner, 872 F.2d 245, 246 (8th Cir. 1989), affg. T.C. Memo. 1987-1; Stewart v. Commissioner, supra at ___ (slip op. at 5-6); Brookes v. Commissioner, 108 T.C. 1, 7 (1997).

If a motion for leave to file a motion to vacate is filed before the order of dismissal for lack of jurisdiction becomes final and the Court grants the motion for leave, then the time for appeal is extended.  Manchester Group v. Commissioner, 113 F.3d 1087, 1088 (9th Cir. 1997), revg. T.C. Memo. 1994-604; Nordvik v. Commissioner, 67 F.3d 1489, 1492 (9th Cir. 1995), affg. T.C. Memo. 1992-731; Stewart v. Commissioner, supra at ___ (slip op. at 14).  Petitioner's motion for leave to file a motion to vacate would not extend the time for appeal unless the Court granted the motion for leave and considered the merits of the motion to vacate.  Nordvik v. Commissioner, supra at 1492; Stewart v. Commissioner, supra at ___ (slip op. at 15-16).  But in order to grant the motion for leave, the motion for leave must be filed before the order of dismissal for lack of jurisdiction has become final.  This is because the Court is without jurisdiction to act on the motion for leave once the order of

dismissal for lack of jurisdiction becomes final.  Stewart v. Commissioner, supra at ___ (slip op. at 6-8); see Haley v. Commissioner, 805 F. Supp. 834, 836 (E.D. Cal. 1992), affd. without published opinion 5 F.3d 536 (9th Cir. 1993).[5]  If the Court does not have jurisdiction to grant the motion for leave, then the motion to vacate could not be filed.  Nordvik v. Commissioner, supra at 1492; Stewart v. Commissioner, supra at ___ (slip op. at 15).

The Court entered the order of dismissal on December 21, 2005, and petitioner did not file a notice of appeal within the time prescribed by section 7483.  Had petitioner mailed his motion for leave in an envelope postmarked on or before March 21, 2006, we would have had jurisdiction to consider whether to grant his motion for leave and allow petitioner to file his motion to vacate.  See Stewart v. Commissioner, supra.  However, petitioner did not mail the motion for leave until April 26, 2006, 126 days after the Court entered the order of dismissal.  The motion for leave was mailed and filed well after the period for appeal expired and the order of dismissal for lack of jurisdiction had become final.  Therefore, we lack jurisdiction to consider

---

[5] In Nordvik v. Commissioner, 67 F.3d 1489, 1492 n.2 (9th Cir. 1995), affg. T.C. Memo. 1992-731, the Court of Appeals for the Ninth Circuit expressly adopted the reasoning of the District Court in Haley v. Commissioner, 805 F. Supp. 834 (E.D. Cal. 1992), affd. without published opinion 5 F.3d 536 (9th Cir. 1993).

petitioner's motion for leave.  It follows that the Court's order of dismissal for lack of jurisdiction in this case became final on March 21, 2006, 90 days after our order of dismissal for lack of jurisdiction was entered and cannot be vacated.

<u>An appropriate order will be issued</u>.