T.C. Summary Opinion 2016-16

UNITED STATES TAX COURT

DEBORAH LEE BEAN AND NEAL ALLAN BERKOWITZ, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 640-12S L.                    Filed April 13, 2016.

Deborah Lee Bean and Neal Allan Berkowitz, pro sese.

Christopher M. Menczer, for respondent.

SUMMARY OPINION

VASQUEZ, Judge:  This case was heard pursuant to the provisions of

section 7463[1] of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1] Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times.

other court, and this opinion shall not be treated as precedent for any other case.

This case arises from a petition for review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination). The issue for decision is whether respondent may proceed with collection of petitioners' 2008 tax liability.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time petitioners filed their petition, they were residents of Rowlett, Texas.

On February 22, 2000, the Internal Revenue Service (IRS) assessed a trust fund recovery penalty of $58,217 against Ms. Bean for the quarterly period ending September 30, 1998 (TFRP liability).

Petitioners filed their 2007 Federal income tax return and claimed thereon an overpayment on the basis of a withholding credit of $1,660 and a stimulus credit of $1,200. The IRS allowed the full amounts of the credits.

On April 15, 2008, the IRS applied petitioners' withholding credit of $1,660 against the TFRP liability for the quarterly period ending September 30, 1998. On June 30, 2008, the IRS applied petitioners' stimulus credit of $1,200 against the TFRP liability for the quarterly period ending September 30, 1998.

Petitioners filed their 2008 Federal income tax return late and reported thereon income tax of $10,169 and self-employment tax of $4,333. On November 29, 2010, the IRS assessed petitioners' 2008 tax of $14,502. On their 2008 return petitioners also claimed a carryover withholding credit of $1,660 and a recovery rebate credit of $1,200. The IRS disallowed both credits because the IRS had granted the full amounts with respect to 2007. On November 29, 2010, the IRS mailed petitioners a math error notice informing them that the credits claimed on their 2008 return had been disallowed.

On May 30, 2011, the IRS mailed petitioners a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, with respect to their outstanding income tax liability for 2008. On June 17, 2011, the IRS received petitioners' Form 12153, Request for a Collection Due Process or Equivalent Hearing, in response to the levy notice. In their Form 12153 petitioners stated the following: "I am not liable for (I don't owe) all of the taxes, this is currently before the tax advocates office, we have not had the opportunity to challenge this in court."

On November 14, 2011, Settlement Officer Nicole D. Matthews of the Memphis Appeals Office mailed petitioners a letter scheduling a telephone collection due process (CDP) hearing for December 12, 2011. In the letter

Settlement Officer Matthews stated that she could consider collection alternatives only if petitioners provided:  (1) a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals and (2) a signed Federal income tax return for 2010.  Settlement Officer Matthews instructed petitioners to submit these items by November 28, 2011.  Petitioners did not submit the requested information.

On December 12, 2011, Settlement Officer Matthews conducted the scheduled CDP hearing with petitioners.  During the CDP hearing petitioners challenged the TFRP liability for the quarterly period ending September 30, 1998.  Settlement Officer Matthews informed petitioners that she did not have jurisdiction to consider the TFRP liability.  Petitioners then requested that Settlement Officer Matthews remove the entire amount due.  Settlement Officer Matthews advised petitioners that she did not have the authority to remove the entire balance due.  During the course of the CDP hearing petitioners did not propose any collection alternative.  On December 21, 2011, the IRS issued petitioners a notice of determination sustaining the proposed levy.[2]  Petitioners timely petitioned this Court for review of the notice of determination.

_____

[2]  Before the notice of determination was issued, Settlement Officer Matthews verified that all legal and administrative requirements for collection had been met.

On February 11, 2013, at the trial calendar held in Dallas, Texas, petitioners raised a new issue by claiming for the first time that Mr. Berkowitz was entitled to injured spouse relief with respect to the 2007 overpayment that was applied against the TFRP liability. Also at the trial calendar petitioners made an oral motion for continuance, which the Court granted to allow the parties to consider Mr. Berkowitz newly raised claim for injured spouse relief.

Mr. Berkowitz submitted to the IRS a Form 8379, Injured Spouse Allocation, requesting relief for 2007. The IRS then made an administrative determination that Mr. Berkowitz was entitled to injured spouse relief. Consequently, the IRS issued Mr. Berkowitz a letter informing him that his request for injured spouse relief for 2007 had been granted and that the relief would be applied against his outstanding 2008 joint liability. Rather than immediately performing the contemplated offset, respondent has held this credit in abeyance pending the resolution of this case.

## Discussion

### I. Statutory Framework

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for tax if the taxpayer fails to pay the tax within 10 days after notice and demand for payment is made. Section 6330(a) provides that no

levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made.

If a taxpayer requests a hearing in response to a notice of levy pursuant to section 6330, a hearing shall be held before an impartial officer or employee of Appeals. Sec. 6330(b)(1), (3). At the hearing the taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives. Sec. 6330(c)(2)(A).

After the hearing an Appeals officer must determine whether and how to proceed with collection, taking into account, among other things, whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary. See sec. 6330(c)(3). Section 6330(d)(1) grants this Court jurisdiction to review the determination made by Appeals in connection with the hearing.

II.    Jurisdiction Generally

The Tax Court is a court of limited jurisdiction, sec. 7442, and may exercise jurisdiction only to the extent expressly authorized by Congress, Stewart v. Commissioner, 127 T.C. 109, 112 (2006); Estate of Young v. Commissioner, 81

T.C. 879, 880-881 (1983). Questions of jurisdiction are fundamental; whenever it appears that this Court may lack jurisdiction, that question must be addressed. Wheeler's Peachtree Pharmacy, Inc. v. Commissioner, 35 T.C. 177, 179 (1960). Under section 6330(d)(1), we have jurisdiction over the determination made by Appeals, and our jurisdiction is defined by the scope of that determination. Freije v. Commissioner, 125 T.C. 14, 25 (2005).

### A.    2007 Overpayment

Petitioners argue that respondent erred in applying their 2007 overpayment against the TFRP liability rather than refunding it to them. When a taxpayer has made an overpayment of tax, the Commissioner has broad discretion to credit that overpayment to another liability--a discretion given to the IRS by section 6402(a). We see no basis for criticizing respondent's exercise of his discretion to apply the overpayment against the TFRP liability rather than refunding it to petitioners. Consequently, petitioners' 2007 overpayment was properly applied against the TFRP liability.

Petitioners also argue that respondent erred by failing to apply their 2007 overpayment against their 2008 tax liability. In appropriate circumstances, we may determine in a CDP case whether a credit available from another tax year should be applied against the taxpayer's liability for the year before the Court

(here, 2008). But we can do this only when a credit from another tax year indisputably exists. Weber v. Commissioner, 138 T.C. 348, 366 (2012). Only nonrefunded or not yet applied "available" credits arising in nondetermination years may be considered by this Court when determining whether a tax liability at issue has been reduced or eliminated; until the credit has fully materialized, the taxpayer merely asserts a claim for credit, which is beyond the scope of our jurisdiction in a CDP case. See id. at 360-370; see also Everett Assocs., Inc. v. Commissioner, T.C. Memo. 2012-143. Petitioners claimed two credits on their 2008 return. Respondent disallowed both credits because the full amounts had already been allowed and applied with respect to 2007. Once respondent applied petitioners' 2007 overpayment against the TFRP liability, the overpayment amount was no longer an "available credit" that could be applied to the 2008 tax year. It had, in other words, been used up. Respondent's defense to any subsequent claim for refund of the overpayment would be accord and satisfaction because the claim has already been allowed. See Weber v. Commissioner, 138 T.C. at 361-362. Thus, because petitioners' 2007 overpayment had been properly offset under section 6402(a), it was no longer available to claim for 2008.

B.     Overpayment of Section 6672 Penalty

Petitioners appear to argue in the alternative that, because respondent improperly applied their 2007 overpayment to a nonexistent TFRP liability, they are entitled to apply an overpayment of $2,860 against their 2008 tax liability.  In other words, petitioners argue that the TFRP liability has been overpaid and that the overpayment is "available" to be credited to their 2008 tax liability.  Petitioners' contention proposes that we turn from the subject of their 2008 tax liability--the liability whose collection is at issue--and address the distinct question of the TFRP liability.  We cannot do so.  We lack jurisdiction to determine whether a taxpayer overpaid her TFRP liability for periods not subject to the notice of determination.  See id. at 369 (stating that the Court lacks jurisdiction "to adjudicate a disputed refund claim that is unrelated to the liability the IRS proposes to collect"); Everett Assocs., Inc. v. Commissioner, T.C. Memo. 2012-143, slip op. at 17 (stating that the Court lacks jurisdiction to "consider, de novo, the entirety of petitioner's tax liability for the nondetermination period").  As we stated in Weber, to expand the CDP regime in this manner would mean that it would not be confined to only the CDP tax period, but that a CDP hearing could become an almost plenary review of the taxpayer's situation vis-a-vis the IRS for all liabilities and for all periods; and a delinquent taxpayer would have the power

to halt IRS collection of any given tax simply by filing a refund claim for any other tax.  Weber v. Commissioner, 138 T.C. at 370.

III.    Math Error Provisions

Petitioners appear to argue that the changes made to their 2008 reporting position were not math errors subject to adjustment under section 6213(b)(1). Petitioners assert that the 2008 adjustments could only be made by "audit". Generally, the Commissioner is required to issue a statutory notice of deficiency before assessing any tax in excess of the amount shown on a return.  Sec. 6212. However, the Commissioner is allowed to directly assess liabilities arising by way of "a mathematical or clerical error appearing on the return" without sending a notice of deficiency.  Sec. 6213(b)(1).

Petitioners claimed a $1,200 stimulus credit on their 2007 return.  Despite being informed that their $1,200 credit had been allowed and offset against the TFRP liability, petitioners claimed a $1,200 recovery rebate credit on their 2008 return.  The 2008 recovery rebate credit was required to be reduced by any advance refund credit (i.e., the stimulus credit amount) that petitioners had received in 2007.  See sec. 6428(f) and (g).  Any failure to reduce the 2008 recovery rebate credit is treated as arising out of a mathematical or clerical error

and is subject to section 6213(b)(1) math error notice provisions. See sec. 6428(f)(1).

Petitioners also claimed a carryover withholding credit from 2007 on their 2008 return despite being informed that their excess 2007 withholding credit had been allowed and set off against the 1998 TFRP liability. This resulted in an overstatement of petitioners' 2008 estimated tax payments. Under section 6201(a)(3), an overstatement of withholding credits or estimated tax payments can be adjusted in the same manner as a mathematical or clerical error appearing upon the return.

Accordingly, respondent properly disallowed petitioners' 2008 credits under the math error provisions of section 6213(b)(1).

IV.    Other Issues

The record shows that respondent properly verified that the requirements of applicable law and administrative procedure were met in processing petitioners' case. Additionally, petitioners did not offer a collection alternative to be considered. However, even if they had, petitioners failed to provide financial documentation, rendering respondent unable to evaluate collection alternatives. See Roman v. Commissioner, T.C. Memo. 2004-20; Rodriguez v. Commissioner, T.C. Memo. 2003-153. Finally, at trial petitioners offered no evidence that

respondent's decision to sustain the proposed levy action constituted an abuse of discretion. Accordingly, we hold that respondent did not abuse his discretion in sustaining the proposed levy.

In reaching our holding, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.