20-2813
*Kirik v. Commissioner*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand twenty-one.

PRESENT:
> AMALYA L. KEARSE
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges,*

_____

YAROSLAV KIRIK & GALINA KIRIK,

> *Petitioners-Appellants,*

v.                                                                              No. 20-2813

COMMISSIONER OF INTERNAL REVENUE,

> *Respondent-Appellee.*

_____

**For Petitioners-Appellants:** DAVID ROTHENBERG, Rothenberg Law, Rochester, NY.

**For Respondent-Appellee:** JOHN SCHUMANN (Arthur T. Catterall *on the brief*), *for* David A. Hubbert, Deputy Assistant Attorney General, Department of Justice, Washington, DC.

Appeal from the United States Tax Court (Mark V. Holmes, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the Tax Court is **AFFIRMED**.

In June 2013, Yaroslav and Galina Kirik received a notice of deficiency from the Internal Revenue Service ("IRS") indicating that they owed over $1.7 million in additional taxes, as well as almost $1.3 million in penalties, for calendar years 2007–2009. Three months later, the Kiriks commenced a timely action in the United States Tax Court to dispute the deficiencies, asserting, among other things, that the IRS had overstated their income for the three years in question.

At the time the Kiriks filed their action in Tax Court, the Kiriks were also the targets of a criminal investigation. In March 2014, the IRS moved for a continuance of the trial in the Kiriks' Tax Court action until after the criminal matter concluded. The Tax Court granted that continuance and consolidated the

2

Kiriks' case with a related Tax Court action brought by Eagle Expeditors, Inc., a company created by petitioner Yaroslav Kirik; the consolidated case bore the caption "Eagle Expeditors, Inc., *et al.* v. Commissioner of Internal Revenue" and the docket numbers of the company's case and the Kiriks' case. For the next five years the IRS periodically filed status reports with the Tax Court, which filed a series of orders maintaining the continuance and directing further status reports.

In July 2018, the Kiriks fired their attorney and elected to represent themselves. The Tax Court thereafter ordered the Kiriks to provide a phone number and email address at which they could be reached. When the Kiriks failed to provide that information, the Tax Court ordered the Kiriks to show cause why their case should not be dismissed for failure to prosecute. The Kiriks did not respond to that show-cause order, and the Tax Court dismissed their case for lack of prosecution on October 17, 2019.

Almost nine months later, on July 2, 2020, the Kiriks filed a motion in Tax Court to vacate the October 2019 order dismissing their case. The Tax Court denied that motion, explaining that:

> A motion to vacate is due 30 days after entry of decision. Rule 162. Our unappealed decisions become final after 90 days. IRC § 7481(a)(1). After that, we don't have

3

jurisdiction any more. *Arkansas Oil and Gas, Inc. v. Commissioner*, 114 F.3d 795 (8th Cir. 1997); *Stewart v. Commissioner*, 127 T.C. 109, 112-13 (2006). In *Stewart* we listed the exceptions to this rule -- fraud on the Court, mutual mistake, clerical error, and lack of jurisdiction to enter decision in the first place. *Id.* at 112 n. 3. None of those applies here.

App'x at 157. This appeal followed.

"We review a Tax Court's denial of a motion to vacate a final decision for abuse of discretion." *Cinema '84 v. Comm'r*, 412 F.3d 366, 370–71 (2d Cir. 2005) (citing *Senate Realty Corp. v. Comm'r*, 511 F.2d 929, 931 (2d Cir. 1975)). "However, whether the Tax Court had jurisdiction to consider a motion is a question of law, which we review *de novo*." *Id.* at 371 (citing *Merrill Lynch & Co. v. Comm'r*, 386 F.3d 464, 469 (2d Cir. 2004)).

Section 7481(a) of the Internal Revenue Code ("IRC") provides that "the decision of the Tax Court shall become final . . . [u]pon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time[.]" IRC § 7481(a). The time allowed for filing a notice of appeal is "90 days after the decision of the Tax Court is entered." IRC § 7483. There is no dispute that the Kiriks did not file a notice of appeal within 90 days. Thus, the

4

Tax Court's decision became final months before the Kiriks filed their motion to vacate.

Although § 7481(a) is quite explicit as to when a decision of the Tax Court becomes final, circuit courts have split on whether, and under what circumstances, the Tax Court may vacate or revise one of its finalized decisions. The Sixth Circuit has concluded emphatically that "once a decision of the Tax Court becomes final, the Tax Court no longer has jurisdiction to consider a motion to vacate its decision." *Harbold v. Comm'r*, 51 F.3d 618, 621 (6th Cir. 1995). Other circuits, and the Tax Court itself, have acknowledged a few narrow exceptions to this rule, including situations in which there has been a fraud on the court, where the Tax Court did not have jurisdiction in the first place, *Davenport Recycling Assocs. v. Comm'r*, 220 F.3d 1255, 1259 (11th Cir. 2000), and where the Tax Court discovers a clerical error after the decision became final, *Stewart v. Comm'r*, 127 T.C. 109, 112 n.3 (2006). Although the Second Circuit has never definitively decided whether the finality rule is jurisdictional or merely a claim processing rule that is subject to judicially-created exceptions, neither has it expressly adopted any of the exceptions identified above. *See Cinema '84*, 412 F.3d at 371. But even assuming that the Tax Court's finality rule is not strictly jurisdictional and the above-

referenced exceptions could be properly considered by the Tax Court, none would make the slightest difference in this case, since there is no possible argument that the Kiriks' delay was caused by fraud, mutual mistake, clerical errors, or the Tax Court's lack of jurisdiction to enter a decision in the first place. Indeed, the Kiriks do not argue otherwise.

Instead, the Kiriks essentially argue that we should create a new exception to the finality rule based on the concept of excusable neglect. But we need not decide whether we can, or even should, acknowledge such an exception because even the most charitable and expansive definition of excusable neglect could not salvage the Kiriks' claims here.

Although excusable neglect provides a permissible basis for noncompliance with court rules in a variety of contexts, all applications of the doctrine require courts to consider "the reason for the delay, including whether it was within the reasonable control of the movant." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (internal quotation marks omitted). "We have noted that the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule," *id.* (internal quotation marks and alteration omitted), going so far as to observe that where the rule governing a filing deadline "is entirely clear . . . a

6

party claiming excusable neglect will, in the ordinary course, lose," *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 251 (2d Cir. 1997).

Here, the Kiriks' delay in filing their motion was entirely within their control. There is no dispute that the Kiriks fired their attorney, thus taking on the risks associated with navigating the Tax Court alone, notwithstanding their self-professed lack of sophistication and less-than-complete fluency in English. Inexplicably, they then failed to respond to multiple orders from the Tax Court, including the order dismissing their case for lack of prosecution. Several months later, the IRS sought to levy on the Kiriks' assets, yet even then the Kiriks did not file a motion to vacate the order dismissing their case. It was not until July 2020 – almost nine months after the Tax Court issued its dismissal order – that the Kiriks finally got around to making their motion. Nothing in our case law suggests that the Kiriks' neglect, which was considerable, was even remotely excusable. Consequently, we see no reason to second guess the Tax Court's denial of the Kiriks' motion to vacate the October 2019 order dismissing their case.

We have considered the Kiriks' remaining arguments and find them to be meritless. The order of the Tax Court is **AFFIRMED**.

FOR THE COURT:

7

Catherine O'Hagan Wolfe, Clerk of Court