**Allan S. HALEY, et al., Plaintiffs,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Defendant.**

**No. Civ. S–91–1617–WBS.**

United States District Court,
E.D. California.

July 29, 1992.

---

Steven T. Spiller, Law Offices of Spiller, McProud, Butz & Kraemer, Nevada City, Cal., for plaintiffs.

George L. O'Connell, U.S. Atty., Yoshinori H.T. Himel, Asst. U.S. Atty., Sacramento, Cal., for defendant.

## MEMORANDUM AND ORDER

SHUBB, District Judge.

This matter is before the court on cross-motions for summary judgment pursuant to Fed.R.Civ.P. 56. Jurisdiction is predicated on 28 U.S.C. § 1331.

## FACTS

On April 15, 1976, plaintiffs Allan S. Haley and Roberta J. Rowlands, filed an income tax return for the year ending December 31, 1975. Plaintiffs later agreed to extend the time within which any income taxes due for 1975 would be assessed. Accordingly, on June 29, 1983, the Internal Revenue Service mailed plaintiffs a Notice of Deficiency for income taxes paid in 1975. Plaintiffs responded by filing a timely petition in the United States Tax Court to contest the Notice of Deficiency. On July 19, 1990, the Tax Court entered a default judgment in favor of the Commissioner in the amount of $20,584.00.

On September 19, 1990, the Tax Court issued an order which clarified and reaffirmed the July 19, 1990 decision. That order explicitly stated that "[t]he issuance of this order does not affect the running of the time period set forth in sections 7481 and 7483 of the Internal Revenue Code." On October 15, 1990, plaintiffs filed a Motion to File a Motion to Vacate the Tax Court's July 19, 1990 Order. On the same date plaintiffs lodged with the Tax Court a motion to vacate or revise the order of July 19, 1990. On September 26, 1991, the Tax

Court denied plaintiffs' motion for leave to file a motion to vacate the July 19, 1990 Order.

Meanwhile, on December 12, 1990, defendant Commissioner caused an assessment to be made against plaintiffs in the amount of $98,550.44 for taxes owed for the 1975 tax year. A Notice of Intent to Levy was mailed to plaintiffs on or about May 6, 1991. Plaintiffs responded by submitting a motion to restrain assessment and collection with the Tax Court. The Tax Court did not act on the motion and it was returned unfiled. On or about October 31, 1991, defendant recorded a notice of federal tax lien in the Office of the Recorder of the County of Nevada, California. On November 8, 1991, plaintiffs filed an administrative appeal of the filing of the lien which was denied on or about January 15, 1992. Plaintiffs also filed a Notice of Appeal to the Ninth Circuit from the decisions of the Tax Court. However, plaintiffs were unable to secure the bond necessary for the appeal.

## ISSUE

█ The issue presented in these cross-motions is whether the assessment of the plaintiffs' 1975 income tax deficiency was premature and therefore void. The court concludes that it was not.[1]

## DISCUSSION

Title 26 U.S.C. § 6213(a) prohibits the United States from assessing or collecting a deficiency until the expiration of the period for filing a Tax Court petition, or if the taxpayer files such a petition until the Tax Court decision becomes final. A Tax Court decision becomes final "[u]pon the expiration of the time allowed for filing a notice

---

1. If the assessment was premature, it would be void and the Commissioner would be time barred from making another assessment. Although some courts have held that such an assessment is not void, but merely gives rise to a right to have the collection of the deficiency enjoined, *Lyddon & Co. Inc. v. United States,* 158 F.Supp. 951 (Ct.Cl.1958), *cert. denied,* 358 U.S. 832, 79 S.Ct. 55, 3 L.Ed.2d 70 (1958); *Lehigh Portland Cement Co. v. United States,* 30 F.Supp.

217 (Ct.Cl.1939), the Ninth Circuit has held that such an assessment is invalid and does not toll the running of the statute of limitations. *Ventura Consol. Oil Fields v. Rogan,* 86 F.2d 149 (9th Cir.1936), *cert. denied,* 300 U.S. 672, 57 S.Ct. 610, 81 L.Ed. 878 (1937). The statute of limitations begins to run 60 days from the date the Tax Court decision becomes final. 26 U.S.C. §§ 6501, 6503.

of appeal, if no such notice has been duly filed within such time." 26 U.S.C. § 7481(a)(1). The notice of appeal must be filed within 90 days after the decision has been entered. 26 U.S.C. § 7483. Any motion to vacate or revise a decision shall be filed within 30 days after the decision has been entered, unless the Court shall otherwise permit. Rules of Practice and Procedure of the Tax Court, Rule 162.

▌ Here, the Tax Court's decision was entered July 19, 1990. Plaintiffs did not file a notice of appeal within 90 days. Therefore, the decision became final on October 17, 1990. The assessment, made December 12, 1990, was not premature.

The Tax Court's September 19, 1990 modification of the July 19, 1990 order cannot be construed to have extended the time for appeal since the court specifically stated that "[t]he issuance of this order does not affect the running of the time period set forth in sections 7481 and 7483 of the Internal Revenue Code." The Tax Court Rules of Practice and Procedure do not directly address whether the issuance of a subsequent order automatically restarts the time for filing an appeal. However, the Tax Court, apparently finding no cause to relieve the plaintiffs from its July 19, 1990 judgment, made it explicitly clear that the order did not affect the finality of that judgment. This court does not sit in review of the Tax Court and will not act to overturn its rulings. *See Estate of Quirk v. Commissioner*, 521 F.2d 723 (9th Cir. 1975). Thus, the court accepts the Tax Court's determination that the September 19, 1990 order did not affect the running of the time for appeal.

▌ Furthermore, an untimely motion for leave to file a motion to vacate does not extend the time to appeal or the date upon which a Tax Court decision becomes final. *See Denholm & McKay Co. v. Commissioner*, 132 F.2d 243, 248 (1st Cir.1942). Fed.R.App.P. 13(a) provides that "[t]he running of the time for appeal is terminated as to all parties by a *timely* motion to vacate or revise a decision made pursuant to the Rules of Practice of the Tax Court." (emphasis added.) To expand the Rule to cover motions for leave to file motions to vacate or revise out of time would be to render the timeliness requirement superfluous. *See* 2A Sutherland Statutory Construction § 46.06 (4th ed. 1984) (court must, where possible, give effect to all phrases of a statute so that none become superfluous).

While the Tax Court may have had power to vacate the judgment at the time the motion to file out of time was filed, the motion was untimely and, pursuant to Tax Rule 162, it was within the Tax Court's discretion to deny the motion to file out of time. Unlike the filing of a timely motion to vacate or revise, the filing of plaintiffs' motion for leave to file out of time would not affect the time for appeal unless the Tax Court granted the motion and considered the merits of the motion to vacate or revise. *See Trohimovich v. Commissioner*, 776 F.2d 873, 875 (9th Cir.1985) ("[I]f *within 30 days of entry of the decision,* a party files a motion to vacate or revise the decision pursuant to Rule 162 ..., the time for filing a notice of appeal is tolled until the Tax Court rules on the motion." (emphasis added).[2]

The Tax Court's actions may very well have contributed to plaintiffs' subjective belief that the time for appeal of the July 19, 1990 order was tolled pending resolution of the various motions, including the motion for leave to file out of time.[3] However, the Ninth Circuit has held that "am-

---

**2.** Plaintiffs have cited one case which upon first glance appears to stand for the proposition that the mere filing of a motion within the statutory period extends the time for appeal. *See Simon v. Commissioner*, 176 F.2d 230, 231 (2d Cir. 1949). However, the Tax Court in that case granted the motion for leave to file out of time and then denied the motion for review. Therefore, that case is consistent with interpretation that the time for appeal is only affected if the Tax Court exercises its discretion to allow the filing of an untimely motion.

**3.** Prior to the determination that the motion for leave to file out of time would be denied, the Tax Court issued an order on January 11, 1991, which ordered defendant to respond to, among other motions, plaintiffs' attorney's motion to intervene, plaintiffs' motion to vacate or revise the decision and plaintiffs' motion to file out of time.

biguous or implicitly misleading conduct by courts does not release litigants from their appeal deadlines. If a party believes a court has acted ambiguously as to an appeal deadline, it bears the burden of seeking clarification." *Mt. Graham Red Squirrel v. Madigan,* 954 F.2d 1441, 1462–63 (9th Cir.1992) (citation omitted). The Tax Court's actions on January 11, 1991, in requesting responses from defendant on the various pending motions and ruling on the motions on September 26, 1991, did not serve to extend the time by which the July 19, 1990 order became final.

IT IS THEREFORE ORDERED that plaintiffs' motion for summary judgment be, and the same is, hereby DENIED.

IT IS FURTHER ORDERED that defendant's motion for summary judgment be, and the same is, hereby GRANTED.