T.C. Memo. 2006-236

UNITED STATES TAX COURT

DAVID RICE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19682-05L.            Filed November 2, 2006.

David Rice, pro se.

Lisa K. Hunter, for respondent.

MEMORANDUM OPINION

RUWE, Judge:  This case is before the Court on petitioner's
Motion to File Motion to Vacate Order of Dismissal for Lack of
Jurisdiction/Embodying Motion to Vacate Order of Dismissal for
Lack of Jurisdiction (hereinafter referred to as petitioner's
motion for leave).  We must decide whether to grant petitioner's
motion for leave.  Our action on petitioner's motion for leave

will determine whether the Court has jurisdiction to decide whether the proposed collection against petitioner may proceed. At all relevant times, petitioner resided in Omaha, Nebraska.

### Background

On September 16, 2005, respondent issued to petitioner a Notice of Determination Concerning Collection Actions(s) Under Section 6320 and/or 6330 (notice of determination) regarding his unpaid Federal tax liabilities for 1999 and 2001.[1] Respondent's Office of Appeals determined that it was appropriate to collect petitioner's unpaid taxes by levy. On October 14, 2005, petitioner sent to the Court a document, which states in relevant part:

> Dear Tax Court Judge,
>
> The Collection Due Process Hearing that I requested has been decided. I need your assistance regarding a Notice of Determination I received from the Internal Revenue Service for the tax year **1999** and **2001**. I believe that this hearing was unfair and biased. I was not provided information that I requested from the hearing agent.
>
> The letter states that I must file a petition with the U.S. Tax Court if I believe the IRS numbers are wrong. I think the IRS is wrong but I am not sure if I am doing this protest right. I told the IRS I didn't owe them anything and they still have not shown me any proof to support their claim. Could you please write to me and let me know the procedure?

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

I need the help of the Tax Court to clarify this matter. I am unclear as to what rules of procedure and evidence were to preside over my Collection Due Process Hearing. Although I asked many times I never received any information on such procedures. The agent was no help at all.

Now a whole new procedure is beginning and I am more confused. I am unsure of what to do from here. Will you please advise what my next steps are and if there is public council available for my assistance? When am I supposed to go to court over this? Would I receive the assistance of a public defender?

Thank you for reading my letter and trying to help me.

This document failed to comply with the Rules of the Court as to the form and content of a proper petition. Petitioner also failed to submit the required filing fee. Nevertheless, on October 20, 2005, the Court filed petitioner's document as an imperfect petition regarding respondent's notice of determination. By order dated October 21, 2005, the Court directed petitioner to file a proper amended petition and to pay the filing fee on or before December 5, 2005. The order stated that if an amended petition and the filing fee were not received on or before December 5, 2005, the case would be dismissed. Petitioner failed to respond to the Court's October 21, 2005, order. On January 23, 2006, the Court entered an Order of Dismissal for Lack of Jurisdiction (order of dismissal).

On April 19, 2006, petitioner mailed a document labeled "Request Permission to File Motion to Vacate Order of Dismissal

For Lack of Jurisdiction/Motion to Vacate Order of Dismissal for

Lack of Jurisdiction", which states in relevant part:[2]

> REQUEST PERMISSION TO FILE MOTION TO VACATE ORDER OF
> DISMISSAL FOR LACK OF JURISDICTION
>
> PETITIONER respectfully requests permission from the
> Court to file this motion to vacate "ORDER OF DISMISSAL
> FOR LACK OF JURISDICTION" for the tax years **1999** and
> **2001**, with Docket No. 19682-05L.  PETITIONER also
> request [sic] leave from the court to accept
> PETITIONER's amended petition.  PETITIONER desires to
> dispute the RESPONDENT's determination made with
> respect to PETITIONER's income taxes for the tax year.
>
> MOTION TO VACATE ORDER OF DISMISSAL FOR LACK OF
> JURISDICTION
>
> PETITIONER respectfully requests that the Court vacate
> its Order of Dismissal for Lack of Jurisdiction and
> determine the case laid out by the PETITIONER's Amended
> Petition, which will be filed concurrently with this
> motion.  PETITIONER will also file Motion to Remand and
> Designation of Place of Trial concurrently with this
> motion.

Petitioner mailed an amended petition in the same envelope as the

motion for leave.  These documents were received by the Court on

April 26, 2006, 93 days after the order of dismissal was

entered.[3]  The Court filed petitioner's document as a "Motion to

File Motion To Vacate Order of Dismissal for Lack of

---

[2] Except in limited circumstances that do not apply here,
Rule 54 generally requires motions to be separately stated and
not joined together.  We allowed the document to be filed here in
the interest of judicial administration but do not purport to
sanction the filing of joint motions in future cases.

[3] Petitioner also paid the filing fee.

Jurisdiction/Embodying Motion to Vacate Order of Dismissal for Lack of Jurisdiction" (Mot. for leave).

On July 31, 2006, respondent issued two Forms 668-A, Notice of Levy, to Midwest Bank NA-Data Center and Ameritrade Inc. On the same day, respondent issued a Form 668-W, Notice of Levy on Wages, Salary and Other Income, to Mutual of Omaha Insurance Co.[4]

On August 14, 2006, petitioner filed a Motion to Restrain Assessment or Collection (Motion to Restrain) requesting the Court "to stop the IRS collection of tax claimed to be owed for 1999." On August 15, 2006, the Court issued an order directing respondent to refrain from collection action pursuant to the levy determination until the Court acted on petitioner's motion for leave and further directed respondent to file a response to petitioner's motion for leave. On August 28, 2006, respondent filed a response objecting to petitioner's motion for leave and also filed a Motion to Permit Levy pursuant to Rule 50(a) and section 6330(e)(2).[5] In respondent's objection to petitioner's

---

[4] At the time of these levies, petitioner's motion for leave had not been served on respondent.

[5] Sec. 6330(e)(1) provides, in pertinent part, that, except as provided in par. (2), if a hearing is requested under sec. 6330(a)(3)(B), the levy actions which are the subject of the requested hearing "shall be suspended for the period during which such hearing, and appeals therein, are pending." Sec. 6330(e)(2) provides: "Paragraph (1) shall not apply to a levy action while an appeal is pending if the underlying tax liability is not at issue in the appeal and the court determines that the Secretary has good cause not to suspend the levy."

(continued...)

motion for leave and in his motion to permit levy, respondent alleges that petitioner's underlying tax liabilities are not at issue and that release of the levied funds would be highly prejudicial to respondent. In support of his position, respondent alleges that petitioner was offered an opportunity for a hearing before an Appeals officer but failed to take such opportunity and instead responded with letters asserting frivolous arguments. Respondent alleges that petitioner is merely attempting to delay collection of his liabilities. Respondent attached copies of the notice of deficiency with regard to petitioner's tax year 1999 that indicate it was sent to petitioner on December 18, 2002. The notice of deficiency determined an increase in tax of $1,421,128, a section 6654 failure to pay estimated income tax penalty of $68,447.66 and a section 6651 failure to file or to pay tax penalty of $353,433.83. Respondent states that petitioner did not file a petition for redetermination of the proposed deficiency with the Tax Court.

In two separate orders dated August 29, 2006, the Court directed petitioner to reply on or before September 13, 2006, to respondent's objection to petitioner's motion for leave and to

---

[5](...continued)
In the motion to permit levy, respondent states that he has since released outstanding wage levies, and has advised Midwest Bank NA-Data Center and Ameritrade Inc. not to remit the levied funds at this time.

respond to respondent's motion to permit levy. Petitioner failed to respond to the Court's orders.

## Discussion

This Court can proceed in a case only if it has jurisdiction, and either party, or the Court sua sponte, can question jurisdiction at any time. Stewart v. Commissioner, 127 T.C. ___, ___ (2006) (slip op. at 6); Estate of Young v. Commissioner, 81 T.C. 879, 880-881 (1983).

On January 23, 2006, we dismissed petitioner's case for lack of jurisdiction. An order of dismissal for lack of jurisdiction is treated as the Court's decision. Stewart v. Commissioner, supra at ___ (slip op. at 5); Hazim v. Commissioner, 82 T.C. 471, 476 (1984). Section 7459(c) provides, in relevant part:

> SEC. 7459(c). Date of Decision.-- * * *. * * *
> if the Tax Court dismisses a proceeding for lack of
> jurisdiction, an order to that effect shall be entered
> in the records of the Tax Court, and the decision of
> the Tax Court shall be held to be rendered upon the
> date of such entry.

The word "decision" refers to decisions determining a deficiency and orders of dismissal for lack of jurisdiction. Ryan v. Commissioner, 517 F.2d 13, 16 (7th Cir. 1975); Commissioner v. S. Frieder & Sons Co., 228 F.2d 478, 480 (3d Cir. 1955); Stewart v. Commissioner, supra at ___ (slip op. at 5).

Except for very limited exceptions, none of which applies here, this Court lacks jurisdiction once a decision or dismissal for lack of jurisdiction becomes final within the meaning of

section 7481. <u>Stewart v. Commissioner</u>, supra at ___ (slip op. at 6-7 & n.3). A decision of the Tax Court becomes final "Upon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time". Sec. 7481(a)(1). Section 7483 provides that a notice of appeal may be filed within 90 days after a decision is entered.[6]

Pursuant to rule 13(a) of the Federal Rules of Appellate Procedure, if under the Tax Court's Rules a party makes a timely motion to vacate or revise a decision, "the time to file a notice of appeal runs from the entry of the order disposing of the motion or from the entry of a new decision, whichever is later."[7]

---

[6] As previously explained, an order of dismissal for lack of jurisdiction is treated as the Court's decision.

[7] Fed. R. App. P. 13(a) provides:

Rule 13. Review of a Decision of the Tax Court.

(a) How Obtained; Time for Filing Notice of Appeal. (1) Review of a decision of the United States Tax Court is commenced by filing a notice of appeal with the Tax Court clerk within 90 days after the entry of the Tax Court's decision. At the time of filing, the appellant must furnish the clerk with enough copies of the notice to enable the clerk to comply with Rule 3(d). If one party files a timely notice of appeal, any other party may file a notice of appeal within 120 days after the Tax Court's decision is entered. (2) If, under Tax Court rules, a party makes a timely motion to vacate or revise the Tax Court's decision, the time to file a notice of appeal runs from the entry of the order disposing of the motion or from the entry of a new decision, whichever is later.

Rule 162 provides that "Any motion to vacate or revise a decision, with or without a new or further trial, shall be filed within 30 days after the decision has been entered, <u>unless the Court shall otherwise permit</u>." (Emphasis added.) Petitioner did not file a motion to vacate or revise within 30 days after the Court's order of dismissal was entered. Therefore, in order for his motion to vacate to be considered timely filed, Rule 162 required petitioner to file a motion for leave to file a motion to vacate or revise, the granting of which lies within the sound discretion of the Court. See Rule 162; <u>Heim v. Commissioner</u>, 872 F.2d 245, 246 (8th Cir. 1989), affg. T.C. Memo. 1987-1; <u>Stewart v. Commissioner</u>, <u>supra</u> at ___ (slip op. at 5-6); <u>Brookes v. Commissioner</u>, 108 T.C. 1, 7 (1997).

Petitioner's motion for leave was postmarked and mailed prior to the expiration of the 90-day appeal period. The timely-mailing/timely-filing provisions of section 7502 apply to a motion for leave to file a motion to vacate a decision that is mailed and postmarked prior to, but received by the Court after, the expiration of the 90-day appeal period. <u>Stewart v. Commissioner</u>, <u>supra</u> at ___ (slip op. at 13). Therefore, we have jurisdiction to consider petitioner's motion for leave. However, whether the Court retains jurisdiction over petitioner's case depends on whether the Court grants leave to file petitioner's motion to vacate. <u>Id.</u> at ___ (slip op. at 14). If the Court

grants the motion for leave, then the time for appeal is extended.  Manchester Group v. Commissioner, 113 F.3d 1087, 1088 (9th Cir. 1997), revg. T.C. Memo. 1994-604; Nordvik v. Commissioner, 67 F.3d 1489, 1492 (9th Cir. 1995), affg. T.C. Memo. 1992-731; Stewart v. Commissioner, supra at ___ (slip op. at 14).  However, if the motion for leave is not granted, the motion to vacate cannot be filed.  If the motion to vacate is not filed, the appeal period is not extended, and the order of dismissal for lack of jurisdiction is final.  The filing of a taxpayer's motion for leave to file a motion to vacate does not extend the time for appeal unless the Court grants the motion for leave and permits the filing of the motion to vacate.  Nordvik v. Commissioner, supra at 1492; Stewart v. Commissioner, supra at ___ (slip op. at 15-16); Haley v. Commissioner, 805 F. Supp. 834, 836 (E.D. Cal. 1992), affd. without published opinion 5 F.3d 536 (9th Cir. 1993).[8]

Whether to grant petitioner's motion for leave is discretionary.  Stewart v. Commissioner, supra at ___ (slip op. at 5-6).  However, a timely motion for leave, without more, is not necessarily sufficient to persuade the Court to grant such

_____

[8] In Nordvik v. Commissioner, 67 F.3d 1489, 1492 n.2 (9th Cir. 1995), affg. T.C. Memo. 1992-731, the Court of Appeals for the Ninth Circuit expressly adopted the reasoning of the District Court in Haley v. Commissioner, 805 F. Supp. 834 (E.D. Cal. 1992), affd. without published opinion 5 F.3d 536 (9th Cir. 1993).

motion. In deciding what action to take, "We are guided primarily by whether it would be in the interest of justice to vacate the prior decision. But, we also recognize that litigation must end at sometime." Estate of Egger v. Commissioner, 92 T.C. 1079, 1083 (1989); Manchester Group v. Commissioner, T.C. Memo. 1997-576. A repeated failure to follow the Court's orders by the party filing the motion for leave is a factor that would weigh against granting the motion.

Petitioner failed to timely respond to the Court's October 21, 2005, order to file a proper petition. After his case was dismissed for lack of jurisdiction, petitioner waited until the time for appeal was about to expire to file his motion for leave. Petitioner's failure to comply with the Court's subsequent orders directing him to file a reply to respondent's objection to petitioner's motion for leave and to file a response to respondent's motion to permit levy is the most recent example of petitioner's failures to properly pursue this matter.

Therefore, in the exercise of our discretion and in the interests of justice, we will deny petitioner's motion for leave. It follows that the Court's order of dismissal for lack of jurisdiction in this case became final on April 24, 2006, 91 days after our order of dismissal for lack of jurisdiction.[9] Because

---

[9] Apr. 23, 2006, the 90th day after the Court entered the order of dismissal, fell on a Sunday. Although that is the day

(continued...)

we no longer have jurisdiction in this matter, petitioner's motion to restrain collection and respondent's motion to permit levy are moot, and our order of August 15, 2006, directing respondent to refrain from collection action pending action on petitioner's motion for leave is vacated and set aside.

To reflect the foregoing,

An appropriate order will be issued.

---

[9](...continued)
that the Court's order of dismissal would normally become final, pursuant to sec. 7503 petitioner had until Apr. 24, 2006, the following Monday, to file a notice of appeal.  See also Fed. R. App. P. 26(a)(3).