T.C. Memo. 2006-247


UNITED STATES TAX COURT


JUDITH WALTHER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10479-05L.                    Filed November 14, 2006.


Judith Walther, pro se.

<u>Jeremy L. McPherson</u>, for respondent.


MEMORANDUM OPINION


RUWE, <u>Judge</u>:   This case is before the Court on petitioner's
Motion for Leave to File Motion to Vacate Order of Dismissal
Embodying Motion to Vacate Order of Dismissal (hereinafter
referred to as petitioner's motion for leave).  We must decide
whether to grant petitioner's motion for leave.   At all relevant
times, petitioner resided in Grass Valley, California.

## Background

On May 3, 2005, respondent issued to petitioner a Notice of Determination Concerning Collection Actions(s) Under Section 6320 and/or 6330 (notice of determination) regarding her unpaid Federal income tax for 1997.[1]  Respondent's Office of Appeals determined that it was appropriate to collect petitioner's unpaid taxes by levy.  On May 31, 2005, petitioner sent to the Court a document, which states in relevant part:

> Dear Tax Court Judge,
>
> The Collection Due Process Hearing that I requested has been decided.  I need your assistance regarding a Notice of Determination I received from the Internal Revenue Service for the tax year **1997**.  I believe that it has been unfair and biased.  I was not provided information that I requested from the hearing agent.
>
> The letter states that I must file a petition with the U.S. Tax Court if I believe the IRS numbers are wrong. I think the IRS is wrong but I am not sure if I am doing this protest right.  I told the IRS I didn't owe them anything and they still have not shown me any proof to support their claim.  Could you please write to me and let me know the procedure?
>
> I need the help of the Tax Court to clarify this matter.  I am unclear as to what rules of procedure and evidence were to preside over my Collection Due Process Hearing.  Although I asked many times I never received any information on such procedures.  The agent was no help at all.
>
> Now a whole new procedure is beginning and I am more confused.  I am unsure of what to do from here.  Will

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

you please advise what my next steps are and if there
is public council [sic] available for my assistance?
When am I supposed to go to court over this?  Would I
receive the assistance of a public defender?

Thank you for reading my letter and trying to help me.

This document failed to comply with the Rules of the Court
as to the form and content of a proper petition.  Petitioner also
failed to submit the required filing fee.  Nevertheless, on June
7, 2005, the Court filed petitioner's document as an imperfect
petition regarding respondent's notice of determination.  By
order dated June 9, 2005, the Court directed petitioner to file a
proper amended petition and to pay the filing fee on or before
July 25, 2005.  The order stated that if an amended petition and
the filing fee were not received on or before July 25, 2005, the
case would be dismissed.  By order dated October 13, 2005, the
Court extended the time for petitioner to file a proper amended
petition and to pay the filing fee until November 3, 2005.
Petitioner paid the filing fee but failed to timely respond to
the Court's orders to file an amended petition.  On January 19,
2006, the Court entered an Order of Dismissal for Lack of
Jurisdiction (order of dismissal).

On April 12, 2006, 83 days after the order of dismissal was
entered, petitioner mailed to the Court a document entitled
"Request Permission to File Motion to Vacate Order of Dismissal

for Lack of Jurisdiction/Motion to Vacate Order of Dismissal for

Lack of Jurisdiction", which states in relevant part:[2]

> <u>REQUEST PERMISSION TO FILE MOTION TO VACATE ORDER OF
> DISMISSAL FOR LACK OF JURISDICTION</u>
>
> PETITIONER respectfully requests permission from the
> Court to file this motion to vacate "ORDER OF DISMISSAL
> FOR LACK OF JURISDICTION" for the tax year **1997**, with
> Docket No. 10479-05L.  PETITIONER also request [sic]
> leave from the court to accept PETITIONER's amended
> petition.  PETITIONER desires to dispute the
> RESPONDENT's determination made with respect to
> PETITIONER's income taxes for the tax year.
>
> <u>MOTION TO VACATE ORDER OF DISMISSAL FOR LACK
> OF JURISDICTION</u>
>
> PETITIONER respectfully requests that the Court vacate
> its Order of Dismissal for Lack of Jurisdiction and
> determine the case laid out by the PETITIONER's Amended
> Petition, which will be filed concurrently with this
> motion.  PETITIONER will also file a Motion to Remand
> and Designation of Place of Trial concurrently with
> this motion.

On April 20, 2006, 91 days after the order of dismissal was

entered, the Court filed the document as a "Motion for Leave to

File Motion to Vacate Order of Dismissal Embodying Motion to

Vacate Order of Dismissal".  Contrary to the language in the

motion for leave, the Court received petitioner's amended

petition on April 26, 2006.

---

[2] Except in limited circumstances that do not apply here,
Rule 54 generally requires motions to be separately stated and
not joined together.  We allowed the document to be filed here in
the interest of judicial administration but do not purport to
sanction the filing of joint motions in future cases.

## Discussion

This Court can proceed in a case only if it has jurisdiction, and either party, or the Court sua sponte, can question jurisdiction at any time. Stewart v. Commissioner, 127 T.C. ___, ___ (2006) (slip op. at 6); Estate of Young v. Commissioner, 81 T.C. 879, 880-881 (1983).

On January 19, 2006, we dismissed petitioner's case for lack of jurisdiction. An order of dismissal for lack of jurisdiction is treated as the Court's decision. Stewart v. Commissioner, supra at ___ (slip op. at 5); Hazim v. Commissioner, 82 T.C. 471, 476 (1984). Section 7459(c) provides, in relevant part:

> SEC. 7459(c). Date of Decision.-- * * * if the Tax Court dismisses a proceeding for lack of jurisdiction, an order to that effect shall be entered in the records of the Tax Court, and the decision of the Tax Court shall be held to be rendered upon the date of such entry.

The word "decision" refers to decisions determining a deficiency and orders of dismissal for lack of jurisdiction. Ryan v. Commissioner, 517 F.2d 13, 16 (7th Cir. 1975); Commissioner v. S. Frieder & Sons Co., 228 F.2d 478, 480 (3d Cir. 1955); Stewart v. Commissioner, supra at ___ (slip op. at 5).

Except for very limited exceptions, none of which applies here, this Court lacks jurisdiction once an order of dismissal for lack of jurisdiction becomes final within the meaning of section 7481. Stewart v. Commissioner, supra at ___ (slip op. at 6-7 & n.3). A decision of the Tax Court becomes final "Upon the

expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time".  Sec. 7481(a)(1).  Section 7483 provides that a notice of appeal may be filed within 90 days after a decision is entered.[3]

Pursuant to rule 13(a) of the Federal Rules of Appellate Procedure, if under the Tax Court's Rules a party makes a timely motion to vacate or revise a decision, "the time to file a notice of appeal runs from the entry of the order disposing of the motion or from the entry of a new decision, whichever is later."[4]

Our Rule 162 provides that "Any motion to vacate or revise a decision, with or without a new or further trial, shall be filed within 30 days after the decision has been entered, unless the

---

[3] As previously explained, an order of dismissal for lack of jurisdiction is treated as the Court's decision.

[4] Fed. R. App. P. 13(a) provides:

Rule 13. Review of a Decision of the Tax Court.

(a) How Obtained; Time for Filing Notice of Appeal.
(1) Review of a decision of the United States Tax Court is commenced by filing a notice of appeal with the Tax Court clerk within 90 days after the entry of the Tax Court's decision.  At the time of filing, the appellant must furnish the clerk with enough copies of the notice to enable the clerk to comply with Rule 3(d).  If one party files a timely notice of appeal, any other party may file a notice of appeal within 120 days after the Tax Court's decision is entered.  (2) If, under Tax Court rules, a party makes a timely motion to vacate or revise the Tax Court's decision, the time to file a notice of appeal runs from the entry of the order disposing of the motion or from the entry of a new decision, whichever is later.

Court shall otherwise permit." (Emphasis added.) Petitioner did not file a motion to vacate or revise within 30 days after the Court's order of dismissal was entered. Therefore, in order for her motion to vacate to be considered timely filed, Rule 162 required petitioner to file a motion for leave to file a motion to vacate or revise, the granting of which lies within the sound discretion of the Court. See Rule 162; Heim v. Commissioner, 872 F.2d 245, 246 (8th Cir. 1989), affg. T.C. Memo. 1987-1; Stewart v. Commissioner, supra at ___ (slip op. at 5-6); Brookes v. Commissioner, 108 T.C. 1, 7 (1997).

Petitioner's motion for leave was postmarked and mailed prior to the expiration of the 90-day appeal period. The timely-mailing/timely-filing provisions of section 7502 apply to a motion for leave to file a motion to vacate a decision that is mailed and postmarked prior to, but received by the Court after, the expiration of the 90-day appeal period. Stewart v. Commissioner, supra at ___ (slip op. at 13). Therefore, we have jurisdiction to consider petitioner's motion for leave. However, whether the Court retains jurisdiction over petitioner's case depends on whether the Court grants leave to file petitioner's motion to vacate. Id. at ___ (slip op. at 14). If the Court grants the motion for leave, then the time for appeal is extended. Manchester Group v. Commissioner, 113 F.3d 1087, 1088 (9th Cir. 1997), revg. T.C. Memo. 1994-604; Nordvik v.

<u>Commissioner</u>, 67 F.3d 1489, 1492 (9th Cir. 1995), affg. T.C. Memo. 1992-731; <u>Stewart v. Commissioner</u>, <u>supra</u> at ___ (slip op. at 14). However, if the motion for leave is not granted, the motion to vacate cannot be filed. If the motion to vacate is not filed, the appeal period is not extended, and the order of dismissal for lack of jurisdiction is final. The filing of a taxpayer's motion for leave to file a motion to vacate does not extend the time for appeal unless the Court grants the motion for leave and permits the filing of the motion to vacate. <u>Nordvik v. Commissioner</u>, <u>supra</u> at 1492; <u>Stewart v. Commissioner</u>, <u>supra</u> at ___ (slip op. at 15-16); <u>Haley v. Commissioner</u>, 805 F. Supp. 834, 836 (E.D. Cal. 1992), affd. without published opinion 5 F.3d 536 (9th Cir. 1993).[5]

Whether to grant petitioner's motion for leave is discretionary. <u>Stewart v. Commissioner</u>, <u>supra</u> at ___ (slip op. at 5-6). However, a timely motion for leave, without more, is not necessarily sufficient to persuade the Court to grant such motion. In deciding what action to take, "We are guided primarily by whether it would be in the interest of justice to vacate the prior decision. But, we also recognize that

---

[5] In <u>Nordvik v. Commissioner</u>, 67 F.3d 1489, 1492 n.2 (9th Cir. 1995), affg. T.C. Memo. 1992-731, the Court of Appeals for the Ninth Circuit expressly adopted the reasoning of the District Court in <u>Haley v. Commissioner</u>, 805 F. Supp. 834 (E.D. Cal. 1992), affd. without published opinion 5 F.3d 536 (9th Cir. 1993).

litigation must end at sometime." <u>Estate of Egger v. Commissioner</u>, 92 T.C. 1079, 1083 (1989); <u>Manchester Group v. Commissioner</u>, T.C. Memo. 1997-576.

Petitioner failed to file an amended petition or to pay the required filing fee in accordance with the Court's June 9, 2005, order. On October 13, 2005, the Court extended the time for petitioner to file an amended petition and to pay the filing fee until November 3, 2005. Although petitioner eventually paid the filing fee, she failed to comply with the Court's orders to file a proper amended petition. After her case was dismissed for lack of jurisdiction, petitioner waited until the time for appeal was about to expire to file her motion for leave.

Petitioner has been afforded several opportunities and sufficient time to file her amended petition. Petitioner has repeatedly failed to comply with the Court's orders, and she has provided no reasonable excuses for her lack of compliance. Therefore, in the exercise of our discretion and in the interests of justice, we will deny petitioner's motion for leave.[6] It

---

[6] See <u>Rice v. Commissioner</u>, T.C. Memo. 2006-236, in which the taxpayer's filings and failure to comply with the Court's orders were similar, resulting in the denial of the taxpayer's motion for leave to file a motion to vacate the Court's order of dismissal for lack of jurisdiction.

follows that the Court's order of dismissal for lack of jurisdiction in this case became final on April 19, 2006, 90 days after the order was entered.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.