T.C. Memo. 2006-252

UNITED STATES TAX COURT

SHARINA WHITE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1622-05L.                    Filed November 16, 2006.

Sharina White, pro se.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  This case is before the Court on petitioner's
Motion for Leave to File a Motion to Vacate the Order of
Dismissal (hereinafter referred to as petitioner's motion for
leave).  We must decide whether to grant petitioner's motion for

leave.  When the petition was filed, petitioner resided in Fairfield, Iowa.[1]

Background

On December 3, 2004, respondent issued to petitioner a Notice of Determination Concerning Collection Actions(s) Under Section 6320 and/or 6330 (notice of determination) regarding her unpaid Federal income taxes for 1999 and 2000.[2]  Respondent's Office of Appeals determined that it was appropriate to collect petitioner's unpaid taxes by levy unless petitioner exercised her right to judicial review.  On December 29, 2004, petitioner sent to the Court a document, which states in relevant part:

> Dear Tax Court Judge,
>
> I received a deficiency letter from the IRS.
>
> I need your assistance regarding a Notice of Deficiency I received from the Internal Revenue Service.  The letter states that I must file a petition with the U.S. Tax Court if I believe the IRS numbers are wrong.  I think the IRS is wrong but I am not sure if I am doing this protest correctly.  Can you please respond with instructions regarding the procedures I am to take?
>
> Will you please assist me and explain what is going on? When am I supposed to appear in court over this?  Will I receive any assistance from the courts in acquiring legal representation?

[1] The Court subsequently changed petitioner's address to Kihei, Hawaii, on the basis of petitioner's notification in her motion for leave.

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Thank you for reading my letter and trying to help me.

This document failed to comply with the Rules of the Court as to the form and content of a proper petition. Petitioner also failed to submit the required filing fee. Nevertheless, on January 4, 2005, the Court filed petitioner's document as an imperfect Petition for Lien or Levy Action Under Code Section 6320(c) or 6330(d). By order dated January 27, 2005, the Court directed petitioner to file a proper amended petition and to pay the filing fee on or before March 14, 2005. The order stated that if an amended petition and the filing fee were not received on or before March 14, 2005, the case would be dismissed. By order dated May 6, 2005, the Court extended the time for petitioner to file a proper amended petition until May 26, 2005, and waived the filing fee. The Court extended the time to file an amended petition again on June 8, 2005, until June 30, 2005, and a third time on June 28, 2005, until July 19, 2005. Petitioner failed to timely respond to the Court's orders to file an amended petition. On October 27, 2005, the Court entered an Order of Dismissal for Lack of Jurisdiction (order of dismissal).

On January 25, 2006, 90 days after the order of dismissal was entered, petitioner mailed to the Court a Motion to Vacate Order of Dismissal for Lack of Jurisdiction (motion to vacate), which the Court received on February 1, 2006, 97 days after the order of dismissal was entered. On February 16, 2006, the Court

returned petitioner's motion to vacate because the case was closed, and the order of dismissal was final.

Petitioner mailed to the Court a document entitled "Motion to Vacate Order of Dismissal for Lack of Jurisdiction/Amended Petition/Motion to Remand" that was received by the Court on March 15, 2006.  On the same day, the Court filed petitioner's document as a "Motion for Leave to File Motion to Vacate Embodying Motion to Vacate".  Petitioner attached to the motion "Track & Confirm" search results from the U.S. Postal Service Web site indicating that the original motion to vacate she sent was in fact mailed on January 25, 2006, 90 days after the order of dismissal was entered.  On March 29, 2006, the Court denied petitioner's motion for leave to file motion to vacate embodying motion to vacate.

On May 11, 2006, the Court filed another document from petitioner entitled "Motion for Leave to File a Motion to Vacate the Order of Dismissal" (motion for leave).  In the motion for leave, petitioner argues that the motion from March 15, 2006, was just an "effort to correct a previous error" in an attempt to re-file the documents she sent on January 25, 2006, which went unfiled.  Petitioner argues further that the motion for leave deserves to be treated as timely filed, as of January 25, 2006. Petitioner mailed a Motion to Vacate the Order of Dismissal and an amended petition concurrently with the motion for leave.

## Discussion

This Court can proceed in a case only if it has jurisdiction, and either party, or the Court sua sponte, can question jurisdiction at any time. Stewart v. Commissioner, 127 T.C. ___, ___ (2006) (slip op. at 6); Estate of Young v. Commissioner, 81 T.C. 879, 880-881 (1983).

On October 27, 2005, we dismissed petitioner's case for lack of jurisdiction. An order of dismissal for lack of jurisdiction is treated as the Court's decision. Stewart v. Commissioner, supra at ___ (slip op. at 5); Hazim v. Commissioner, 82 T.C. 471, 476 (1984). Section 7459(c) provides, in relevant part:

> SEC. 7459(c). Date of Decision.-- * * * if the Tax Court dismisses a proceeding for lack of jurisdiction, an order to that effect shall be entered in the records of the Tax Court, and the decision of the Tax Court shall be held to be rendered upon the date of such entry.

The word "decision" refers to decisions determining a deficiency and orders of dismissal for lack of jurisdiction. Ryan v. Commissioner, 517 F.2d 13, 16 (7th Cir. 1975); Commissioner v. S. Frieder & Sons Co., 228 F.2d 478, 480 (3d Cir. 1955); Stewart v. Commissioner, supra at ___ (slip op. at 5).

Except for very limited exceptions, none of which applies here, this Court lacks jurisdiction once an order of dismissal for lack of jurisdiction becomes final within the meaning of section 7481. Stewart v. Commissioner, supra at ___ (slip op. at 6-7 & n.3). A decision of the Tax Court becomes final "Upon the

expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time".  Sec. 7481(a)(1).  Section 7483 provides that a notice of appeal may be filed within 90 days after a decision is entered.[3]

Pursuant to rule 13(a) of the Federal Rules of Appellate Procedure, if under the Tax Court's Rules a party makes a timely motion to vacate or revise a decision, "the time to file a notice of appeal runs from the entry of the order disposing of the motion or from the entry of a new decision, whichever is later."[4] Our Rule 162 provides that "Any motion to vacate or revise a decision, with or without a new or further trial, shall be filed within 30 days after the decision has been entered, <u>unless the</u>

---

[3] As previously explained, an order of dismissal for lack of jurisdiction is treated as the Court's decision.

[4] Fed. R. App. P. 13(a) provides:

Rule 13. Review of a Decision of the Tax Court.

(a) How Obtained; Time for Filing Notice of Appeal. (1) Review of a decision of the United States Tax Court is commenced by filing a notice of appeal with the Tax Court clerk within 90 days after the entry of the Tax Court's decision.  At the time of filing, the appellant must furnish the clerk with enough copies of the notice to enable the clerk to comply with Rule 3(d).  If one party files a timely notice of appeal, any other party may file a notice of appeal within 120 days after the Tax Court's decision is entered.  (2) If, under Tax Court rules, a party makes a timely motion to vacate or revise the Tax Court's decision, the time to file a notice of appeal runs from the entry of the order disposing of the motion or from the entry of a new decision, whichever is later.

<u>Court shall otherwise permit</u>." (Emphasis added.) Petitioner did not file a motion to vacate or revise within 30 days after the Court's order of dismissal was entered. Therefore, in order for her motion to vacate to be considered timely filed, Rule 162 required petitioner to file a motion for leave to file a motion to vacate or revise, the granting of which lies within the sound discretion of the Court. See Rule 162; <u>Heim v. Commissioner</u>, 872 F.2d 245, 246 (8th Cir. 1989), affg. T.C. Memo. 1987-1; <u>Stewart v. Commissioner</u>, <u>supra</u> at ___ (slip op. at 5-6); <u>Brookes v. Commissioner</u>, 108 T.C. 1, 7 (1997).

Petitioner's original motion to vacate, which we will treat as a motion for leave to file a motion to vacate, was postmarked and mailed January 25, 2006, 90 days after the Court's order of dismissal was entered. The Court rejected petitioner's original motion for leave, which was mailed on January 25, 2006, because, among other things, it was received by the Court after the case was closed. Petitioner submitted two subsequent motions for leave, the first of which was denied. Petitioner asserts in her most recent motion for leave that the Court should have filed her original motion for leave as of January 25, 2006. In view of our recent opinion in <u>Stewart v. Commissioner</u>, <u>supra</u>, we agree.

Petitioner's original motion for leave was postmarked and mailed prior to the expiration of the 90-day appeal period. The timely-mailing/timely-filing provisions of section 7502 apply to

a motion for leave to file a motion to vacate a decision that is mailed and postmarked prior to, but received by the Court after, the expiration of the 90-day appeal period. Stewart v. Commissioner, supra at ___ (slip op. at 13). Therefore, we have jurisdiction to consider petitioner's motion for leave. However, whether the Court retains jurisdiction over petitioner's case depends on whether the Court grants leave to file petitioner's motion to vacate. Id. at ___ (slip op. at 14). If the Court grants the motion for leave, then the time for appeal is extended. Manchester Group v. Commissioner, 113 F.3d 1087, 1088 (9th Cir. 1997), revg. T.C. Memo. 1994-604; Nordvik v. Commissioner, 67 F.3d 1489, 1492 (9th Cir. 1995), affg. T.C. Memo. 1992-731; Stewart v. Commissioner, supra at ___ (slip op. at 14). However, if the motion for leave is not granted, the motion to vacate cannot be filed. If the motion to vacate is not filed, the appeal period is not extended, and the order of dismissal for lack of jurisdiction is final. The filing of a taxpayer's motion for leave to file a motion to vacate does not extend the time for appeal unless the Court grants the motion for leave and permits the filing of the motion to vacate. Nordvik v. Commissioner, supra at 1492; Stewart v. Commissioner, supra at ___ (slip op. at 15-16); Haley v. Commissioner, 805 F. Supp. 834,

836 (E.D. Cal. 1992), affd. without published opinion 5 F.3d 536 (9th Cir. 1993).[5]

Whether to grant petitioner's motion for leave is discretionary. Stewart v. Commissioner, supra at ___ (slip op. at 5-6). However, a timely motion for leave, without more, is not necessarily sufficient to persuade the Court to grant such motion. In deciding what action to take, "We are guided primarily by whether it would be in the interest of justice to vacate the prior decision. But, we also recognize that litigation must end at sometime." Estate of Egger v. Commissioner, 92 T.C. 1079, 1083 (1989); Manchester Group v. Commissioner, T.C. Memo. 1997-576.

Petitioner failed to file an amended petition or to pay the required filing fee in accordance with the Court's January 27, 2005, order. On May 6, 2005, the Court extended the time for petitioner to file an amended petition until May 26, 2005, and waived the filing fee. On June 8, 2005, the Court again extended the time for petitioner to file an amended petition until June 30, 2005. On June 28, 2005, and for the third time, the Court further extended the time for petitioner to file an amended

---

[5] In Nordvik v. Commissioner, 67 F.3d 1489, 1492 n.2 (9th Cir. 1995), affg. T.C. Memo. 1992-731, the Court of Appeals for the Ninth Circuit expressly adopted the reasoning of the District Court in Haley v. Commissioner, 805 F. Supp. 834 (E.D. Cal. 1992), affd. without published opinion 5 F.3d 536 (9th Cir. 1993).

petition until July 19, 2005. Petitioner failed to comply with the Court's orders to file a proper amended petition. After her case was dismissed for lack of jurisdiction, petitioner waited until the time for appeal was about to expire to file her motion for leave.

Petitioner has been afforded several opportunities and sufficient time to file her amended petition. Petitioner has repeatedly failed to comply with the Court's orders, and she has provided no reasonable excuses for her lack of compliance. Therefore, in the exercise of our discretion and in the interests of justice, we will deny petitioner's motion for leave.[6] It follows that the Court's order of dismissal for lack of jurisdiction in this case became final on January 25, 2006, 90 days after the order was entered.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.

---

[6] See <u>Rice v. Commissioner</u>, T.C. Memo. 2006-236, <u>Walther v. Commissioner</u>, T.C. Memo. 2006-247, <u>Sprenger v. Commissioner</u>, T.C. Memo. 2006-248, <u>Hoffman v. Commissioner</u>, T.C. Memo. 2006-249, and <u>McMaster v. Commissioner</u>, T.C. Memo. 2006-251, in each of which the taxpayer's filings and failure to comply with the Court's orders were similar, resulting in the denial of the taxpayer's motion for leave to file a motion to vacate the order of dismissal for lack of jurisdiction.