T.C. Memo. 2006-255



UNITED STATES TAX COURT



KATHERINE COWAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 3539-06L.                 Filed November 27, 2006.


Katherine Cowan, pro se.



MEMORANDUM OPINION


    RUWE, <u>Judge</u>:  This case is before the Court on petitioner's
Motion for Leave to File Motion to Vacate Order of Dismissal for
Lack of Jurisdiction (hereinafter referred to as petitioner's
motion for leave).  We must decide whether to grant petitioner's
motion for leave.  When the petition was filed, petitioner
resided in Kilauea, Hawaii.

## Background

On January 5, 2006, respondent issued to petitioner a Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 of the Internal Revenue Code (decision letter) regarding proposed collection action for petitioner's tax years 1995, 1996, and 1997.[1]  In the decision letter, respondent's Office of Appeals informed petitioner that her due process hearing request was not filed within the time prescribed under section 6320 and/or 6330.  Respondent's Office of Appeals further informed petitioner that she received a hearing equivalent to a due process hearing except that there was no right to dispute a decision by the Appeals Office in court under sections 6320 and/or 6330.  In the decision letter, the Appeals Office sustained the proposed collection action.  On January 31, 2006, petitioner sent to the Court a document, which states in relevant part:

> Dear Tax Court Judge,
>
> The Collection Due Process (hereafter "CDP") Hearing that I requested has been decided.  I need your assistance regarding a Notice of Determination I received from the Internal Revenue Service for the tax year [sic] **1995, 1996** and **1997**.  The Internal Revenue Service (hereafter "IRS") DID NOT grant me a CDP Hearing, which I have requested.  The Hearing they attempt [sic] to conduct was unfair and biased.  I was

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

not provided information that I requested from the hearing agent.

I think the IRS is wrong but I am not sure if I am doing this protest right. I told the IRS I didn't owe them anything and they still have not shown me any proof to support their claim. Could you please write to me and let me know the procedure?

I need the help of the Tax Court to clarify this matter. I am unclear as to what rules of procedure and evidence were to preside over my CDP Hearing. Although I asked many times I never received any information on such procedures. The agent was no help at all.

Now a whole new procedure is beginning and I am more confused. I am unsure of what to do from here. Will you please advise what my next steps are and if there is public council [sic] available for my assistance? When am I supposed to go to court over this? Would I receive the assistance of a public defender?

Thank you for reading my letter and trying to help me.

This document failed to comply with the Rules of the Court as to the form and content of a proper petition. Petitioner also failed to submit the required filing fee. Nevertheless, on February 7, 2006, the Court filed petitioner's document as an imperfect petition. By order dated February 22, 2006, the Court directed petitioner to file a proper amended petition and to pay the filing fee on or before April 10, 2006. The order stated that if an amended petition and the filing fee were not received on or before April 10, 2006, the case would be dismissed. Petitioner failed to timely respond to the Court's order to file an amended petition or to pay the filing fee. On May 26, 2006,

the Court entered an Order of Dismissal for Lack of Jurisdiction (order of dismissal).

On August 21, 2006, 87 days after the order of dismissal was entered, petitioner mailed to the Court two documents entitled "Request Permission to File Motion to Vacate Order of Dismissal for Lack of Jurisdiction" (motion for leave) and "Motion to Vacate Order of Dismissal for Lack of Jurisdiction" (motion to vacate).[2]  The documents state in relevant part:

> REQUEST PERMISSION TO FILE MOTION TO VACATE ORDER OF
> DISMISSAL FOR LACK OF JURISDICTION
>
> PETITIONER respectfully requests permission from the
> Court to file this motion to vacate "ORDER OF DISMISSAL
> FOR LACK OF JURISDICTION" for the tax year/s **1995, 1996
> and 1997**, with Docket No. 3539-06L.  PETITIONER also
> requests leave from the court to accept PETITIONER's
> amended petition.  PETITIONER desires to dispute the
> RESPONDENT's determination made with respect to
> PETITIONER's income taxes for the tax year.  PETITIONER
> will file Motion to Vacate Order of Dismissal for Lack
> of Jurisdiction concurrently with this Motion.
>
> MOTION TO VACATE ORDER OF DISMISSAL FOR LACK
> OF JURISDICTION
>
> PETITIONER respectfully requests that the Court vacate
> its Order of Dismissal for Lack of Jurisdiction with
> the Docket No. **3539-06L**, for the Tax Years **1995, 1996
> and 1997**.  PETITIONER also request [sic] for the Court
> to determine the case lay [sic] out by the PETITIONER's
> Amended Petition, which will be filed concurrently with
> this motion.  PETITIONER will also file an Amended
> Petition and the Designation of Place of Trial
> concurrently with this motion.

---

[2] The envelope containing these documents was postmarked Aug. 21, 2006.

On August 28, 2006, 94 days after the order of dismissal was entered, the Court filed the first mentioned document as a "Motion for Leave to File Motion to Vacate Order of Dismissal for Lack of Jurisdiction" (motion for leave). The Court received petitioner's amended petition with attached copy of the decision letter concurrently with the motion for leave and the motion to vacate.

Paragraph 2 of the amended petition states:

> 2. Petitioner(s) disagree(s) with the determination contained in the notice issued by the Internal Revenue Service for the year(s) or period(s) **1995, 1996 & 1997**, as set forth in such notice, **DECISION LETTER CONCERNING EQUIVALENT HEARING UNDER SECTION 6320 AND/OR 6330**, dated 01/05/06 A COPY OF WHICH ATTACHED [sic]. DO NOT ATTACH ANY OTHER DOCUMENTS TO THIS PETITION.

The attached decision letter states in relevant part:

> Dear Ms. McClelland Cowan:
>
> We have reviewed the proposed collection action for the period(s) shown above. This letter is our decision on your case. A summary of our decision is stated below and the enclosed statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions.
>
> Your due process hearing request was not filed within the time prescribed under Section 6320 and/or 6330. However, you received a hearing equivalent to a due process hearing except that there is no right to dispute a decision by the Appeals Office in court under IRC Sections 6320 and/or 6330.
>
> Your case will be returned to the originating IRS office for action consistent with the decision summarized below and described on the attached page(s).
>
> *     *     *     *     *     *     *

**Summary of Decision**
The collection action is sustained.

Discussion

This Court can proceed in a case only if it has jurisdiction, and either party, or the Court sua sponte, can question jurisdiction at any time.  Stewart v. Commissioner, 127 T.C. ___, ___ (2006) (slip op. at 6); Estate of Young v. Commissioner, 81 T.C. 879, 880-881 (1983).

On May 26, 2006, we dismissed petitioner's case for lack of jurisdiction.  An order of dismissal for lack of jurisdiction is treated as the Court's decision.  Stewart v. Commissioner, supra at ___ (slip op. at 5); Hazim v. Commissioner, 82 T.C. 471, 476 (1984).  Section 7459(c) provides, in relevant part:

> SEC. 7459(c).  Date of Decision.-- * * * if the Tax Court dismisses a proceeding for lack of jurisdiction, an order to that effect shall be entered in the records of the Tax Court, and the decision of the Tax Court shall be held to be rendered upon the date of such entry.

The word "decision" refers to decisions determining a deficiency and orders of dismissal for lack of jurisdiction.  Ryan v. Commissioner, 517 F.2d 13, 16 (7th Cir. 1975); Commissioner v. S. Frieder & Sons Co., 228 F.2d 478, 480 (3d Cir. 1955); Stewart v. Commissioner, supra at ___ (slip op. at 5).

Except for very limited exceptions, none of which applies here, this Court lacks jurisdiction once an order of dismissal for lack of jurisdiction becomes final within the meaning of

section 7481.  <u>Stewart v. Commissioner</u>, <u>supra</u> at ___ (slip op. at

6-7 & n.3).  A decision of the Tax Court becomes final "Upon the

expiration of the time allowed for filing a notice of appeal, if

no such notice has been duly filed within such time".  Sec.

7481(a)(1).  Section 7483 provides that a notice of appeal may be

filed within 90 days after a decision is entered.[3]

Pursuant to rule 13(a) of the Federal Rules of Appellate

Procedure, if under the Tax Court's Rules a party makes a timely

motion to vacate or revise a decision, "the time to file a notice

of appeal runs from the entry of the order disposing of the

motion or from the entry of a new decision, whichever is later."[4]

Our Rule 162 provides that "Any motion to vacate or revise a

---

[3] As previously explained, an order of dismissal for lack of
jurisdiction is treated as the Court's decision.

[4] Fed. R. App. P. 13(a) provides:

Rule 13. Review of a Decision of the Tax Court.

(a) How Obtained; Time for Filing Notice of Appeal.
(1) Review of a decision of the United States Tax Court
is commenced by filing a notice of appeal with the Tax
Court clerk within 90 days after the entry of the Tax
Court's decision.  At the time of filing, the appellant
must furnish the clerk with enough copies of the notice
to enable the clerk to comply with Rule 3(d).  If one
party files a timely notice of appeal, any other party
may file a notice of appeal within 120 days after the
Tax Court's decision is entered.  (2) If, under Tax
Court rules, a party makes a timely motion to vacate or
revise the Tax Court's decision, the time to file a
notice of appeal runs from the entry of the order
disposing of the motion or from the entry of a new
decision, whichever is later.

decision, with or without a new or further trial, shall be filed within 30 days after the decision has been entered, <u>unless the Court shall otherwise permit</u>." (Emphasis added.) Petitioner did not file a motion to vacate or revise within 30 days after the Court's order of dismissal was entered. Therefore, in order for her motion to vacate to be considered timely filed, Rule 162 required petitioner to file a motion for leave to file a motion to vacate or revise, the granting of which lies within the sound discretion of the Court. See Rule 162; <u>Heim v. Commissioner</u>, 872 F.2d 245, 246 (8th Cir. 1989), affg. T.C. Memo. 1987-1; <u>Stewart v. Commissioner</u>, <u>supra</u> at ___ (slip op. at 5-6); <u>Brookes v. Commissioner</u>, 108 T.C. 1, 7 (1997).

The envelope containing petitioner's motion for leave was postmarked and mailed prior to the expiration of the 90-day appeal period. The timely-mailing/timely-filing provisions of section 7502 apply to a motion for leave to file a motion to vacate a decision that is mailed and postmarked prior to, but received by the Court after, the expiration of the 90-day appeal period. <u>Stewart v. Commissioner</u>, <u>supra</u> at ___ (slip op. at 13). Therefore, we have jurisdiction to consider petitioner's motion for leave. However, whether the Court retains jurisdiction over petitioner's case depends on whether the Court grants leave to file petitioner's motion to vacate. <u>Id.</u> at ___ (slip op. at 14). If the Court grants the motion for leave, then the time for

appeal is extended.  Manchester Group v. Commissioner, 113 F.3d 1087, 1088 (9th Cir. 1997), revg. T.C. Memo. 1994-604; Nordvik v. Commissioner, 67 F.3d 1489, 1492 (9th Cir. 1995), affg. T.C. Memo. 1992-731; Stewart v. Commissioner, supra at ___ (slip op. at 14).  However, if the motion for leave is not granted, the motion to vacate cannot be filed.  If the motion to vacate is not filed, the appeal period is not extended, and the order of dismissal for lack of jurisdiction is final.  The filing of a taxpayer's motion for leave to file a motion to vacate does not extend the time for appeal unless the Court grants the motion for leave and permits the filing of the motion to vacate.  Nordvik v. Commissioner, supra at 1492; Stewart v. Commissioner, supra at ___ (slip op. at 15-16); Haley v. Commissioner, 805 F. Supp. 834, 836 (E.D. Cal. 1992), affd. without published opinion 5 F.3d 536 (9th Cir. 1993).[5]

Whether to grant petitioner's motion for leave is discretionary.  Stewart v. Commissioner, supra at ___ (slip op. at 5-6).  However, a timely motion for leave, without more, is not necessarily sufficient to persuade the Court to grant such motion.  In deciding what action to take, "We are guided

---

[5] In Nordvik v. Commissioner, 67 F.3d 1489, 1492 n.2 (9th Cir. 1995), affg. T.C. Memo. 1992-731, the Court of Appeals for the Ninth Circuit expressly adopted the reasoning of the District Court in Haley v. Commissioner, 805 F. Supp. 834 (E.D. Cal. 1992), affd. without published opinion 5 F.3d 536 (9th Cir. 1993).

primarily by whether it would be in the interest of justice to vacate the prior decision.  But, we also recognize that litigation must end at sometime."  Estate of Egger v. Commissioner, 92 T.C. 1079, 1083 (1989); Manchester Group v. Commissioner, T.C. Memo. 1997-576.

This Court's jurisdiction to review certain collection activity by the Internal Revenue Service depends, in part, upon the issuance of a valid notice of determination by an Internal Revenue Service Appeals Officer under section 6320 or 6330. Secs. 6320(c), 6330(d)(1); Rule 330(b); Offiler v. Commissioner, 114 T.C. 492, 498 (2000).  Where the Appeals Office issues a determination letter, section 6330(d)(1) provides a taxpayer 30 days in which to file a petition for review with the Tax Court. We have held that the Court's jurisdiction depends on the issuance of a valid determination letter and the filing of a timely petition for review.  Kennedy v. Commissioner, 116 T.C. 255, 261 (2001).

Petitioner attached to her amended petition the decision letter concerning an equivalent hearing she received from respondent's Appeals Office.  In her amended petition, petitioner avers that she disagrees with the "determination" relating to the years 1995, 1996 and 1997 contained in the "Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330". The decision letter specifies that it was issued after petitioner

received an "equivalent hearing".  A decision letter, issued

pursuant to an equivalent hearing, is not a notice of

determination sufficient to invoke the Court's jurisdiction under

section 6320 or 6330.  Kennedy v. Commissioner, supra at 263.

Respondent's Appeals Office made it clear in the decision letter

that the decision made in an equivalent hearing, as opposed to a

determination resulting from a collection due process hearing, is

not disputable in court.  The decision letter states that

petitioner received an equivalent hearing instead of a collection

due process hearing because petitioner failed to timely request a

collection due process hearing.  As we stated in Kennedy v.

Commissioner, supra at 263:

> Petitioner's position ignores the unambiguous
> statement in the decision letter that the equivalent
> hearing was not intended to serve as an Appeals Office
> hearing within the meaning of section 6320 or 6330.  As
> previously discussed, because petitioner failed to file
> a timely request for an Appeals Office hearing, the
> Appeals Office was not obliged to conduct such a
> hearing.  In this regard, the decision letter was not,
> and did not purport to be, a determination letter
> pursuant to section 6320 or 6330.  See Offiler v.
> Commissioner, supra at 495.

> In sum, we hold that respondent did not issue a
> determination letter to petitioner sufficient to invoke
> the Court's jurisdiction to review the notice of intent
> to levy.  Insofar as the petition filed herein purports
> to be a petition for review pursuant to section
> 6330(d), we will dismiss the petition for lack of
> jurisdiction on the ground that respondent did not make
> a determination pursuant to section 6330 because
> petitioner failed to file a timely request for an
> Appeals Office hearing pursuant to section 6330(a)(2)
> and (3)(B) and (b).

The decision letter regarding an equivalent hearing concerning collection action upon which petitioner bases her amended petition would be insufficient to invoke this Court's jurisdiction to review the merits of the proposed collection activity even if we granted petitioner's motion for leave.  Under these circumstances, and considering the length of time petitioner had to file an amended petition before her case was dismissed, we will deny petitioner's motion for leave.  It follows that the Court's order of dismissal for lack of jurisdiction in this case became final on August 24, 2006, 90 days after the order of dismissal was entered.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.